J-S41027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROLAND KITTRELL | |
| Appellant | No. 1768 MDA 2014 |

Appeal from the Order Entered September 18, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001435-2010

BEFORE: ALLEN, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED JULY 24, 2015**

Roland Kittrell appeals from the order entered in the Court of Common Pleas of Centre County, dismissing his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Upon careful review, we affirm.

The PCRA court has set forth the facts and procedural history of this case as follows:

> In August 2010, Kittrell was charged with four counts of aggravated assault and three counts of simple assault after engaging in a physical altercation with three prison guards. On the morning of January 24, 2011, the day of Kittrell's jury trial for these charges, Kittrell elected to proceed *pro se*, without his court-appointed counsel. The [c]ourt conducted a colloquy inquiring into all relevant facts, and determined Kittrell was competent to represent himself. The jury trial concluded that

_____

[*] Retired Senior Judge assigned to the Superior Court.

same day, and Kittrell was convicted of three counts of aggravated assault and two counts of simple assault. On March 15, 2011, Kittrell was sentenced to not less than twenty-five years and not more than fifty years of incarceration in state prison, which is the mandatory minimum sentence for a third or subsequent crime of violence under 42 Pa.C.S.A. § 9714(a). Kittrell was represented before trial by Attorney Parviz Ansari prior to requesting to proceed *pro se*. Kittrell was later appointed Attorney Ronald McGlaughlin who represented him through direct appeal. The Superior Court affirmed Kittrell's conviction on November 18, 2011, and thereafter the Pennsylvania Supreme Court denied Kittrell's Petition for Allowance of Appeal on March 28, 2012. After Kittrell timely filed his initial PCRA Petition on December 11, 2012, the [c]ourt appointed Attorney Charles Kroboth to represent him, who filed the Fifth [Amended] PCRA Petition presently at issue.

PCRA Court Opinion, 9/18/14, at 1-2.

Kittrell challenges the order by the lower court denying his PCRA petition without an evidentiary hearing. The court found Kittrell's claim had no genuine issues of material fact. We agree.

The standard and scope of this Court's review of the PCRA petition denial is as follows:

[I]n reviewing the propriety of an order granting or denying PCRA relief, we are limited to determining whether the evidence of record supports the determination of the PCRA court, and whether the ruling is free of legal error. Great deference is granted to the findings of the post-conviction court, and these findings will not be disturbed unless they have no support in the certified record.

*Commonwealth v. Payne*, 794 A.2d 902, 905 (Pa. Super. 2002).

Kittrell claims the lower court erred by denying his PCRA petition without an evidentiary hearing. This Court has held that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA

court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

Kittrell argues that he has obtained after-discovered evidence, specifically four inmate witnesses that could provide testimony that Kittrell acted in self-defense in his altercation with the three prison guards. Our standard for after-discovered evidence is as follows:

> To obtain relief based on after-discovered evidence, [an] appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

***Commonwealth v. Foreman***, 55 A.3d 532, 537 (Pa. Super. 2012), citing ***Commonwealth v. Pagan***, 950 A.2d 270, 292 (Pa. 2008).

Kittrell fails to meet the four-prong test for establishing and raising an after-discovered evidence claim, and therefore, is not entitled to relief.

Here, Kittrell cannot demonstrate that he exercised reasonable diligence in finding these witnesses prior to or during trial. Reasonable diligence "demands that the petitioner take reasonable steps to protect his own interests." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010). The PCRA court aptly explained Kittrell's failure to exercise reasonable diligence:

> Kittrell has failed to satisfy the requirements of either [section] 9545(b)(1)(ii) or [section] 9543(a)(2)(vi). He fails to allege, and is unable to prove, that he exercised reasonable diligence in

discovering these witnesses. Logic dictates that a person involved in an altercation and likely facing criminal charges will do everything in their power to discover and interview exculpatory witnesses. Kittrell could have attempted to locate those inmates who were in the cell block on the night of the incident and could have requested such information from the prison officials. Furthermore, Kittrell has not shown why reasonable diligence would have not revealed these witnesses[.]

PCRA Court Opinion, 9/18/14, at 6-7.

Kittrell did not attempt to contact inmate eyewitnesses prior to trial, and therefore we agree with the PCRA court that without exercising reasonable diligence, Kittrell cannot prevail on a claim of after-discovered evidence and is not entitled to relief.

The testimony of the four inmate witnesses would also have been cumulative or corroborative to Kittrell's testimony at trial.[1] "Before a court grants a new trial on the basis of after-discovered evidence, the defendant must also show the alleged after-discovered evidence is not just corroborative or cumulative of the evidence already presented at trial." *Commonwealth v. Padillas*, 997 A.2d 356, 364 (Pa. Super. 2010). Here, Kittrell admits that any testimony given by the four "after-discovered" inmate witnesses will corroborate his previously litigated claim that he acted in self-defense. This Court found on appeal that there was sufficient

_____

[1] Here, Kittrell was the sole defense witness to testify as to his claim that he acted in self-defense. We leave for another day the question of whether the testimony of a disinterested third-party witness should be considered "cumulative" for purposes of the after-discovered evidence analysis where the only other testimony available at the time of trial was that of the defendant himself.

- 4 -

evidence presented at trial to sustain Kittrell's conviction and that the conviction was not against the weight of the evidence. Therefore, Kittrell is not entitled to relief.

Kittrell failed to meet any of the four requirements for after-discovered evidence and did not establish a claim of arguable merit. After careful review of the certified record, as well as the briefs of the parties and the applicable law, we agree with the PCRA court that Kittrell is not entitled to an evidentiary hearing or any other relief on his claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2015