J-S28029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARKEA GOLPHIN | |
| Appellant | No. 1632 EDA 2015 |

Appeal from the PCRA Order May 26, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003287-2009

BEFORE: BOWES, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:         **FILED APRIL 15, 2016**

Markea Golphin appeals from the order of the Court of Common Pleas of Philadelphia County, dismissing without an evidentiary hearing her petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

On January 10, 2009, police received a radio call about a female with a gun on the 2500 block of South Ashford Street in Philadelphia. Police Officers Horace Lopez and Leroy Wilson observed Golphin, who matched the description from the radio call, running toward them with a purse on her shoulder. She turned a corner and ducked behind a parked car, under which she discarded the purse. While Officer Wilson stopped Golphin, Officer Lopez

_____

[*] Retired Senior Judge assigned to the Superior Court.

recovered the purse, in which he found a loaded .45 caliber revolver that contained four live rounds and one fired cartridge casing. Golphin did not have a valid license to carry a firearm and was prohibited from possessing a firearm due to a prior felony conviction for aggravated assault.

On February 23, 2012, Golphin pled guilty to possession of a firearm by a prohibited person, carrying a firearm without a license, and carrying a firearm on a public street in Philadelphia.[1] Immediately after her guilty plea, the court sentenced Golphin to ten to twenty years of incarceration for an unrelated aggravated assault case and five to ten years for this firearms case. The sentences for each case were to run concurrently.

Golphin filed a *pro se* PCRA petition regarding the guilty plea on February 19, 2013. On January 5, 2015, court-appointed PCRA counsel filed an amended PCRA petition claiming that Golphin's guilty plea was unlawfully induced and that trial counsel was ineffective for causing her to enter the guilty plea. On May 26, 2015, the PCRA court dismissed these claims without an evidentiary hearing. This timely appeal followed, in which Golphin raises the following issues for our review:[2]

---

[1] In an unrelated case, a jury convicted Golphin of aggravated assault (F1), simple assault, recklessly endangering another person, and possessing an instrument of crime on July 1, 2011. Golphin elected to consolidate sentencing for that case with a guilty plea for the case at bar. Golphin does not appeal that conviction.

[2] We have reordered the issues as presented by Golphin in her brief.

1. Whether the PCRA Judge was in error in not granting relief on the PCRA petition alleging counsel was ineffective.

2. Whether the PCRA judge in was error denying [Golphin's] PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.

Brief of Appellant, at 8.

Our standard and scope of review for the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewing in the light most favorable to the prevailing party at the trial level. *Id.*

Golphin's first claim raises ineffectiveness of counsel. To establish counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the defendant. *Commonwealth v. Burno*, 94 A.3d 956, 964 n.5 (Pa. 2014); *Strickland v. Washington*, 466 U.S. 668 (1984).

A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim. The burden of proving ineffectiveness rests with the Appellant. To sustain a claim of ineffectiveness, Appellant must prove that the strategy employed by trial counsel was so unreasonable that no competent lawyer would have chosen that course of conduct. Trial counsel will not be deemed ineffective for failing to pursue a meritless claim.

*Commonwealth v. Rega*, 933 A.2d 997, 1019 (Pa. 2007) (citations omitted).

Golphin asserts that she entered an involuntary plea. In order to determine whether a defendant entered a plea knowingly, intentionally, and voluntarily, we must examine the plea colloquy. At a minimum, a plea colloquy must inform a defendant of: (1) the nature of the charges; (2) the factual basis for the plea; (3) the right to be tried by a jury; (4) the presumption of innocence; (5) the permissible range of sentences; (6) the fact that the judge is not bound by the terms of any plea agreement. *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008). The adequacy of the plea colloquy and the voluntariness of the resulting plea must be ascertained based on the totality of the circumstances surrounding the entry of the plea. *Commonwealth v. Muhammad*, 794 A.2d 378, 383-84 (Pa. Super. 2002). During the course of a plea colloquy, a defendant has a duty to answer questions truthfully and cannot later assert that he lied under oath. *Commonwealth v. Turetsky*, 925 A.2d 876 (Pa. Super. 2007).

Here, Golphin claims that counsel was ineffective for unlawfully inducing a guilty plea that was involuntary and unknowing because Golphin was not made aware that after pleading guilty she could not appeal the denial of her suppression motion. Upon review of the record, this claim is meritless.

The record clearly indicates that Golphin was satisfied with the work her attorney had performed. Not only did Golphin sign her written colloquy but she additionally stated in open court that she was satisfied with her lawyer's services. N.T. Guilty Plea Hearing, 2/23/12, at 13. Furthermore, the written colloquy specifically stated that by pleading guilty she waived her right to appeal her pre-trial motion to suppress. Moreover, Golphin verbally acknowledged the fact that she would be waiving her rights by pleading guilty. *Id.* at 7. Golphin understood her rights on appeal would be very limited.

Our review of the sentencing proceedings indicates that Golphin knowingly, intelligently, and voluntarily pled guilty. First, the court stated to Golphin she was not required to plead guilty and if she elected to go to trial she would be presumed innocent until proven guilty. Golphin affirmed her understanding. *Id.* at 5-6. Moreover, Golphin stated that nobody promised her anything, threatened her, or used any force to coerce her to plead guilty. *Id.* at 13. Golphin stated that she was pleading guilty of her own free will. *Id.* at 3. Furthermore, although Golphin was taking medication, she acknowledged that this did not affect her ability to understand what was occurring or her ability to communicate with counsel. *Id.* at 4-5. Golphin acknowledged and accepted responsibility for the facts as the assistant district attorney recited them. *Id.* at 12. Lastly, Golphin read and signed the written colloquy that stated the consequences of pleading guilty.

Accordingly, Golphin has not established her right to relief under the PCRA.

Next, Golphin claims the PCRA judge erred in not granting an evidentiary hearing on the issues raised in the amended PCRA petition regarding ineffectiveness of counsel.  Upon careful review of the record, we conclude this claim is meritless.

A judge may dismiss a petition without a hearing if the judge is satisfied that there are no genuine issues of material fact and that the defendant is not entitled to post-conviction collateral relief.  Pa.R.Crim.P. 907(1).  **See also Commonwealth v. Payne**, 794 A.2d 902 (Pa. Super. 2002) (right to hearing not absolute, and PCRA court may dismiss petition without hearing if it determines claims raised are without merit).

Here, the PCRA court properly dismissed Golphin's petition without an evidentiary hearing because the record clearly contradicted all of her claims raised on appeal.  In sum, Golphin's claim that she entered an involuntary plea is belied by the record, which includes Golphin's statements made under oath, and the written guilty plea colloquy.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/15/2016</u>