J-S23002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN HAMILTON, | |
| Appellant | No. 3533 EDA 2014 |

Appeal from the PCRA Order November 21, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division, at No(s): CP-51-CR-0010189-2007

BEFORE:  PANELLA, J., OTT, J., and FITZGERALD[*], J.

MEMORANDUM BY PANELLA, J.                    **FILED MAY 02, 2016**

Brian Hamilton appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On June 18, 2007, Appellant and another man robbed a local convenience store while holding the store's three employees at gunpoint. After a bench trial, the court convicted him of three counts of robbery and related charges. On February 18, 2009, the trial court sentenced him to an aggregate term of fifteen to thirty years of incarceration, followed by a ten-year probationary term. Appellant filed neither a post-sentence motion nor a direct appeal.

_____

[*] Former Justice specially assigned to the Superior Court.

The PCRA court summarized the subsequent procedural history as follows:

[Appellant] filed a timely pro se [PCRA petition] on August 6, 2009. [Appellant specifically requested reinstatement of his direct appellate rights on the grounds that prior counsel failed to file an appeal on his behalf. This petition, however, did not reference a post-sentence motion or indicate that Appellant requested one be filed on his behalf.] After counsel was appointed, the petition was amended on January 20, 2010 and August 19, 2010. On September 10, 2010 this court granted [Appellant's] request and reinstated his appellate rights nunc pro tunc. Thereafter, [Appellant] filed a Notice of Appeal on September 22, 2010. On September 23, 2010, [Appellant] was ordered to file a Statement of Matters Complained of on Appeal in accordance with [Pa.R.A.P.] 1925(b). On September 15, 2010, this court permitted PCRA counsel to withdraw and [new counsel] entered his appearance on September 16, 2010 and filed [the Rule 1925(b)] statement on September 30, 2010. This court filed its opinion on January 11, 2011. On January 3, 2012[,] the Superior Court dismissed [Appellant's] appeal after finding that he failed to preserve a challenge to the discretionary aspects of his sentence because he did not request reinstatement of his right to file a post-sentence motion. [**See Commonwealth v. Hamilton**, No. 2699 EDA 2010 (Pa. Super., filed January 3, 2012) (unpublished memorandum)]

On March 1, 2012, [Appellant] filed his second PCRA petition pro se and later filed an amended petition on January 11, 2013. [PCRA counsel] was appointed on January 10, 2013 and filed an amended petition [on] January 8, 2014. On April 28, 2014 the Commonwealth filed a Motion to Dismiss [Appellant's] PCRA petition. On June 15, 2014 [Appellant] filed a Motion for Removal of Counsel, which was denied on June 27, 2014. On that same day, this court issued notice of its intent to dismiss the petition. On August 15, 2014, after conducting a **Grazier** hearing, this court granted [Appellant's] request to represent himself and permitted counsel to withdraw. [Appellant] again amended his petition on October 15, 2014 and later supplemented it on November 18, 2014. On November 21, 2014 the petition was formally dismissed by this court. [Appellant] filed the instant Notice of Appeal on December 2, 2014.

PCRA Court Opinion, 6/26/15, 2-3 (footnotes omitted).

Appellant raises the following issues.

1. Was Trial Counsel ineffective for abandoning [Appellant] and forfeiting [Appellant's] post sentencing rights without informing [Appellant]?

2. Was Appellate Counsel ineffective for failing to properly preserve the issue when counsel had the chance to do so?

3. Should Appellant's post-sentencing rights be reinstated and sentence vacated and remanded for a new sentencing hearing?

Appellant's Brief at 7 (unnumbered). We will address Appellant's claims together.

In reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error. *See Commonwealth v. Payne*, 794 A.2d 902, 905 (Pa. Super. 2002). We pay great deference to the findings of the PCRA court and will not disturb these findings unless they have no support in the certified record. *See id*. Furthermore, to be entitled to relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence arose from one or more of the errors enumerated in section 9543(a)(2) of the PCRA. One such error involves the ineffective assistance of counsel.

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence

that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *See Payne*, 794 A.2d at 905. Because Appellant's claims challenge the stewardship of prior counsel, we apply the following principles.

Counsel is presumed to be effective, and Appellant has the burden of proving otherwise. *See Commonwealth v. Pond*, 846 A.2d 699, 708 (Pa. Super. 2004).

> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

*Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citations omitted).

In assessing a claim of ineffectiveness, when it is clear that appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. *See Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995). Counsel is not ineffective for failing to pursue a meritless claim. *See Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

In essence, Appellant asserts that the PCRA court erred in denying his claim that trial counsel was ineffective for failing to preserve a discretionary aspects claim via the filing of a post-sentence motion, and that subsequent counsel was ineffective for failing to seek reinstatement of his right to file a post-sentence motion once his appellate rights were reinstated *nunc pro tunc*. We agree with the PCRA court's conclusion that Appellant has failed to establish any of the prongs of the tripartite ineffectiveness test.

Before dismissing Appellant's direct appeal and affirming his judgment of sentence, a panel of this Court explained that

> [a]fter sentence was pronounced, [Appellant] was specifically told he had the option to file a motion for reconsideration of sentence within ten days and/or file an appeal within 30 days. Counsel told [Appellant] to contact him if he wanted to file either.
>
> Neither a motion for reconsideration nor an appeal was filed. [Appellant] filed a timely PCRA petition specifically claiming he had instructed counsel to file a direct appeal, but counsel had not. He sought reinstatement of direct appeal rights. His PCRA petition made no mention of seeking a modified sentence. Counsel was appointed and an amended petition was filed listing several issues, including, for the first time, a claim that his sentence was unreasonable.
>
> ***
>
> A challenge to the discretionary aspects of sentence may be raised *nunc pro tunc*, if the petitioner seeks reinstatement of his post-sentence rights rather than solely his right to direct appeal. **See Commonwealth v. Fransen**, 986 A.2d 154 (Pa. Super. 2009). If, however, post-sentence rights are not specifically requested and granted, the petitioner is left unable to challenge the discretionary aspects of his sentence. **Id**. at 156.

*Hamilton*, No. 2699 EDA 2010 at 2-3 (footnote omitted). We then concluded that because Appellant had not requested the reinstatement of his right to file a post-sentence motion, he could not raise his discretionary aspect of sentence claim on appeal. *See id*. at 4.

The record flatly refutes Appellant's claim of trial counsel abandonment. Therefore, Appellant's claim of trial counsel abandonment fails.

Appellant next claims that appellate counsel, John Cotter, Esquire, was ineffective for not seeking to reinstate the right to file a post-sentence motion. Appellant impugns the *wrong* counsel. Attorney Cotter, acting as *appellate* counsel, could not request the right to file a post-sentence motion. That request would have had to have been made by Appellant's initial *PCRA* counsel, Richard Moore, Esquire. Attorney Cotter had to play the hand he was dealt, so to speak, on appeal. He rendered no ineffective assistance of counsel in this regard, as he was in no position, at that procedural point in the proceedings, to request reinstatement of the right to file a post-sentence motion. Accordingly, Appellant's claim regarding appellate counsel fails.

Within his appellate brief, Appellant offers no reasons to disturb the PCRA court's conclusions.[1] Thus, he is not entitled to post-conviction relief. We therefore affirm the PCRA court's order denying his PCRA petition.

---

[1] We further note that Appellant is unable to challenge the application of the mandatory minimum pursuant to 42 Pa.C.S.A. section 9712, because his
*(Footnote Continued Next Page)*

Order affirmed.

Justice Fitzgerald joins the memorandum.

Judge Ott concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/2/2016

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

judgment of sentence came before ***Alleyne v. United States***, 133 S.Ct. 2151 (2013) was decided. ***See generally Commonwealth v. Miller***, 102 A.3d 988 (Pa. Super. 2014).