J-S69036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| RAFAEL R. SANCHES, JR. | : | |
| Appellant | : | No. 768 WDA 2017 |

Appeal from the Order July 26, 2016
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001914-2013

BEFORE:   BOWES, J., RANSOM, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:            **FILED DECEMBER 06, 2017**

Appellant, Rafael Sanches, appeals from the July 26, 2016, order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Sentenced to an aggregate 30 to 60 months' incarceration following his entry of a guilty plea to charges of possession with intent to deliver marijuana (PWID), conspiracy to commit PWID, possession of a controlled substance, possession of drug paraphernalia, and criminal use of a communication facility,[1] Appellant claims plea counsel ineffectively advised him to plead in exchange for the Commonwealth's agreement to waive application of the mandatory minimum sentencing statute, 18 Pa.C.S. § 7508, where the United States Supreme

_____

[1] 35 P.S. 780-113(a)(30), 18 P.S. 903, 35 P.S. 780-113(a)(16), 35 P.S. 780-113(a)(32), and 18 P.S. 7512(a).

_____

*   Former Justice specially assigned to the Superior Court.

Court had decided, just one month earlier in **Alleyne v. United States**, 133 S.Ct. 2151 (2013), that mandatory minimums triggered by judicial fact-finding during sentencing were unconstitutional.[2]  We affirm.

On January 15, 2014, Appellant entered into a plea agreement whereby he would plead guilty to the above-mentioned offenses in exchange for the Commonwealth's promise to reduce the weight of the marijuana charged in the criminal information from 10.6 to 9.9 pounds and to waive the mandatory minimum sentence applicable to the PWID charge.  On April 15, 2014, the court sentenced Appellant to the aforementioned sentence of 30 to 60 months' incarceration with a 36-month probationary tail.  Appellant filed a motion for modification of sentence, which the trial court denied on April 23, 2014.  Appellant appealed the judgment of sentence, raising challenges to the order denying his motion to suppress evidence and to the legality of this sentence.  On September 17, 2015, this Court affirmed judgment of sentence.

On November 16, 2015, Appellant filed a *pro se* PCRA petition, his first.  In his petition, Appellant argued his plea was involuntary because he was induced to enter it in order to avoid exposure to a mandatory minimum sentencing scheme that, unbeknownst to him, had been declared

---

[2] In **Alleyne**, the United States Supreme Court decided that any fact increasing the penalty for a crime beyond the prescribed statutory minimum sentence must be submitted to a jury as an element of the crime to be proven beyond a reasonable doubt.

unconstitutional by the United States Supreme Court in **Alleyne**. Counsel was appointed, and he subsequently filed an amended PCRA petition. On March 11, 2016, the PCRA court presided over an evidentiary hearing at which Appellant and plea counsel testified.

On June 29, the PCRA court filed a Pa.R.Crim.P. 907 Notice of Intent to Dismiss PCRA based on the evidence adduced at the hearing.[3] On July 26, 2016, the court entered its order dismissing Appellant's PCRA petition. Appellant, thereafter, filed *pro se* a timely notice of appeal. In our memorandum decision **Commonwealth v. Sanches**, No. 1164 WDA 2016, unpublished memorandum at 3-4, filed on May 2, 2017, we determined there was no indication in either the record or court docket suggesting that counsel withdrew his appearance or that Appellant affirmatively waived his right to counsel. Given counsel's apparent abandonment of Appellant, we remanded the matter so that the court could either direct counsel to continue representation, allow counsel to withdraw and appoint new counsel, or conduct a **Grazier**[4] hearing if Appellant wished to proceed *pro se*. On

_____

[3] The PCRA court issued a notice of intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907. However, that procedure is improper as Rule 907 controls only when the PCRA court determines that no hearing is required to dispose of the PCRA petition. The court was permitted to dismiss Appellant's PCRA petition following a hearing pursuant to Pa.R.Crim.P. 908(D)(1).

[4] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

- 3 -

remand, the PCRA court appointed new counsel, who filed a notice of appeal *nunc pro tunc* on May 26, 2017.

Appellant presents the following questions for our review:

1. [DID] THE LOWER COURT COMMIT[] LEGAL ERROR AND ABUSE[] ITS DISCRETION IN FAILING TO FIND THAT THE GUILTY PLEAS AS ENTERED WERE INVALID IN THAT THE COMMONWEALTH USED THE REPRESENTATION THAT IT WOULD AGREE TO WAIVE THE MANDATORY MINIMUM SENTENCE AS AN INDUCNEMENT [SIC] TO ACCEPT THE PLEA AGREEMENT WHEREIN THE COMMONWEALTH LACKED ANY LEGAL AUTHORITY TO PURSUE THE MANDATORY MINIMUM SENTENCE GIVEN THE ISSUANCE OF THE SUPREME COURT DECISION IN ***UNITED STATES V. ALLEYNE***?

2. [WAS] THE APPELLANT [] AFFORDED INEFFECTIVE ASSISTANCE OF COUNSEL IN THAT DEFENSE COUNSEL FAILED TO PROPERLY ADVISE AND COUNSEL THE APPELLANT AS TO THE TERMS OF THE PLEA AGREEMENT IN THE CONTET OF THE HOLDING OF ***UNITED STATES V. ALLEYNE*** AND DEFENSE COUNSEL ALSO SERVED TO INDUCE THE ENTRY OF GUILTY PLEAS BY REPRESENTING THAT THE WAIVER OF THE MANDATORY MINIMUM WAS OF SIGNIFICANCE AND CONSTITUTED A FAVORABLE ELEMENT OF THE PLEA AGREEMENT?

Appellant's brief at 2.

Our review of an order denying PCRA relief is well-established:

This Court reviews a PCRA court's decision in the light most favorable to the prevailing party. ***Commonwealth v. Hanible***, 612 Pa. 183, 30 A.3d 426, 438 (2011). Our review is limited to a determination of whether the record supports the PCRA court's factual findings and whether its legal conclusions are free from error. ***Id.*** "A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court." ***Commonwealth v. Treiber***, ––– Pa. ––––, 121 A.3d 435, 444 (2015) (citing ***Commonwealth v. Dennis***, 609 Pa. 442, 17 A.3d 297, 301 (2011)). We review the PCRA court's legal

conclusions de novo. ***Commonwealth v. Roney***, 622 Pa. 1, 79
A.3d 595, 603 (2013).

***Commonwealth v. Williams***, 141 A.3d 440, 452 (Pa. 2016). Furthermore,
to be eligible for relief under the PCRA, a petitioner must plead and prove by
a preponderance of the evidence: "[t]hat the allegation of error has not been
previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3).

First, Appellant challenges the validity of his guilty plea as a stand-
alone claim, discrete from the related ineffective assistance of counsel claim
raised in his second issue. Specifically, he contends here that because his
plea was based on a mistaken belief—fostered by both the trial court and the
Commonwealth without due regard for ***Alleyne***—that the waiver of the
mandatory minimum sentence conferred a benefit to Appellant in exchange
for his plea, his plea was invalid. We find this issue is waived.

To obtain post-conviction relief, a petitioner is required to plead and
prove that "the allegation of error has not been previously litigated or
waived." 42 Pa.C.S. § 9543(a)(3). An issue is waived if it could have been
raised before trial, at trial, on direct appeal, or in a prior state post-
conviction proceeding. 42 Pa.C.S. § 9544(b). In order to preserve a
challenge to his guilty plea, a defendant must either make a timely objection
during the plea colloquy or raise the claim in a post-sentence motion.
***Commonwealth v. D'Collanfield***, 805 A.2d 1244, 1246 (Pa.Super. 2002)
(instructing that claim challenging validity of guilty plea waived where

appellant neither objected during colloquy nor challenged it in post-sentence motion); Pa.R.Crim.P. 720.

Here, Appellant did not object to the guilty plea during his colloquy or challenge the plea in a post-sentence motion. Therefore, Appellant's stand-alone claim that his guilty plea was invalid, raised for the first time on collateral review, is waived. 42 Pa.C.S. § 9544(b).

Appellant's second issue, however, challenges the invalidity of his guilty plea as a function of plea counsel's ineffectiveness in failing to advise him that he may not have been subject to Pennsylvania's mandatory minimum sentencing scheme for PWID given the United States Supreme Court's then-recent decision in **Alleyne**. When considering a claim asserting trial counsel's ineffectiveness, we must bear in mind:

> "In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness 'so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" **Commonwealth v. Payne**, 794 A.2d 902, 905 (Pa. Super. 2002), *quoting* 42 Pa.C.S.A. § 9543(a)(2)(ii). When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. **Id.** at 906. "Counsel cannot be found ineffective for failure to assert a baseless claim." **Id.**
>
> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him. **Commonwealth v. Allen**, 833 A.2d 800, 802 (Pa. Super. 2003).

**Commonwealth v. Michaud**, 70 A.3d 862, 867 (Pa. Super. 2013).

Here, Appellant fails to establish that counsel had no reasonable basis upon which to recommend pleading guilty, where the Commonwealth offered not only to waive the mandatory minimum sentence for PWID but also to decrease the weight of marijuana charged in the information to an amount that would reduce the offense gravity score and, consequently, the standard range sentence for Appellant's PWID by 12 months. The reduction of weight likewise reduced the sentencing guidelines for the related charge of Conspiracy to Commit PWID. As such, Appellant's sentencing exposure was significantly reduced independent of the Commonwealth's offer to waive the mandatory minimum, and counsel explained at the PCRA hearing that he based his advice in part on the benefits attendant to the reduction of the drug weight charged in the information. *See* N.T. 7/26/17 at 20-22.

Accordingly, even considering the effect of **Alleyne**, which, it must be said, was still unresolved by this Court in early interpretive decisions filed prior to the time counsel advised Appellant to plead,[5] we conclude that

---

[5] Early decisions interpreting **Alleyne** "implied that [a defendant] could legally stipulate to the amount of drugs recovered, and agree to the imposition of the mandatory minimum sentence under Section 7508." **Commonwealth v. Rivera**, 154 A.3d 370, 379 (Pa.Super. 2017) (*en banc*). The **Rivera** panel further espoused:

> Indeed, it was not until our decision in [**Commonwealth v. Newman**, [99 A.3d 86 (Pa.Super. 2014)], filed in August of 2014, that an *en banc* panel held Pennsylvania's mandatory minimum sentencing statutes, which permitted a trial court to increase a defendant's minimum sentence based upon a preponderance of the evidence standard, were unconstitutional

*(Footnote Continued Next Page)*

counsel had a reasonable basis for advising Appellant to accept the Commonwealth's offer and plead guilty. Because Appellant has, therefore, failed to prove the "reasonable basis" prong of his ineffective assistance of counsel claim, his appeal fails.

Order is AFFIRMED.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/6/17

*(Footnote Continued)* ———————

> under **Alleyne** and incapable of severance. After **Newman**, this Court consistently rejected any harmless error analysis that attempted to circumvent the plain language of the statutes.

**Id.** at 378.

In **Rivera**, the defendant entered a negotiated guilty plea, which included the imposition of a mandatory minimum sentence, after **Alleyne** was filed, but before **Newman** was decided. In concluding plea counsel was not ineffective, the **Rivera** panel found "the PCRA court properly determined counsel had a reasonable basis for advising Rivera to accept the plea, based upon the harsher sentence Rivera would have faced had he proceeded to trial." **Id.** at 379.