**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**William Matthew PAYNE, a/k/a William Payne, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 26, 2001.
Filed March 13, 2002.

Robert A. Crisanti, Pittsburgh, for appellant.

Francesco L. Nepa, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

BEFORE: STEVENS, LALLY–GREEN, and HESTER, JJ.

STEVENS, J.:

¶ 1 This is an appeal from the order entered by the Court of Common Pleas of Allegheny County on November 13, 2000, dismissing without a hearing Appellant's amended petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Herein, Appellant contends that he is entitled to an

evidentiary hearing concerning an allegation raised in his PCRA petition. We affirm.

¶ 2 The relevant facts and procedural history of this case are as follows: On May 22, 1986, Robert Eugene Cogley (hereinafter "Victim"), after socializing with friends, was on his way to his residence in New Eagle, Pennsylvania, when he picked up Appellant, who was hitchhiking to his home in Clairton. Victim and Appellant proceeded to a public housing project, where Appellant was introduced to Kathleen Smith. With Ms. Smith in Victim's vehicle, they eventually went to a MAC machine in Dravosburg, at which time Appellant demanded Victim's access code number. After Victim refused to disclose the number, the three proceeded to Clairton. While there, Appellant began arguing with Victim; Appellant then pulled out a weapon and fired it at Victim. Victim grabbed his chest and slumped over. Appellant pulled Victim out of the vehicle and threw him over an embankment near the side of the road, and Appellant proceeded to drive to various MAC machines with Victim's MAC card. After Appellant dropped Ms. Smith off at her home, she contacted police. *See* Trial Court Opinion filed 9/3/87.

¶ 3 Thereafter, Appellant was arrested and charged with criminal homicide, kidnapping, robbery, theft by unlawful taking or disposition, firearms not to be carried without a license, and terroristic threats. Following a jury trial that began on October 23, 1986, Appellant was found guilty of second degree murder,[1] robbery,[2] theft by unlawful taking or disposition,[3] firearms not to be carried without a license,[4] and terroristic threats.[5] Appellant filed a Motion for New Trial and/or in Arrest of Judgement, which was denied by the court on February 27, 1987. On that same date, Appellant was sentenced to life imprisonment on the conviction for second degree murder, a consecutive five (5) to ten (10) year term of imprisonment for theft, and a consecutive one and one-half (1½) to three (3) year term for the firearm offense.[6]

¶ 4 On March 6, 1987, Appellant filed a Motion to Modify Sentence. Thereafter, on March 20, 1987, the court eliminated the five (5) to ten (10) year term; however, the life sentence and one and one-half (1½) to three (3) year term remained the same.

¶ 5 Upon appeal to this Court, Appellant's judgment of sentence was affirmed on June 7, 1988.[7] Appellant later filed a Petition for Writ of Mandamus, which was denied by the Supreme Court by Order dated September 11, 1992.

1. 18 Pa.C.S.A. § 2501(a).

2. 18 Pa.C.S.A. § 3701(a)(1)(i).

3. 18 Pa.C.S.A. § 3921(a).

4. 18 Pa.C.S.A. § 6106.

5. 18 Pa.C.S.A. § 2706.

6. No further penalties were imposed for the remaining counts.

7. Although the certified record contains no documentation evidencing the filing of a petition for relief pursuant to the Post Conviction Hearing Act, the predecessor of the PCRA, an order entered by the court on May 29, 1987, states, in part, as follows: "[U]pon consideration of the foregoing Petition under the Post Conviction Hearing Act, requesting relief in the nature of having the direct appeal rights of the Defendant in this case reinstated from the judgment of sentence, nunc pro tunc, it is hereby ORDERED, ADJUDGED AND DECREED that relief is hereby GRANTED." Order dated 5/29/87. In addition, although both parties indicate that Appellant filed a Petition for Allowance of Appeal to the Supreme Court that was denied on October 31, 1988, there is no documentation evidencing the same.

¶ 6 On August 5, 1994, Appellant filed a *pro se* petition for collateral relief pursuant to the PCRA. Sanford A. Middleman, Esquire, was appointed to represent Appellant in post-conviction proceedings. However, following the granting of Attorney Middleman's Petition for Leave to Withdraw, Robert Crisanti, Esquire, was appointed to represent Appellant. Pursuant to Pa.R.Crim.P. 1507, the court, on August 23, 2000, provided Appellant notice of its intent to dismiss the petition. On September 12, 2000, Appellant, through Attorney Crisanti, filed an amended PCRA petition claiming that he was denied effective assistance of counsel on four bases. By Order issued November 13, 2000, Appellant's petition was dismissed. The present appeal followed.

■ ¶ 7 Herein, Appellant contends that he was entitled to an evidentiary hearing based on the allegation set forth in his amended PCRA petition. The allegation he now raises is that trial counsel was ineffective for failing to object to the testimony of Pennsylvania State Trooper Paul R. Bivens, a Commonwealth witness, who testified concerning fingerprints on a vehicle without the Commonwealth first authenticating that those fingerprints, in fact, came from the vehicle in question.[8]

■ ¶ 8 Initially, we note that in reviewing the propriety of an order granting or denying PCRA relief, we are limited to determining whether the evidence of record supports the determination of the PCRA court, and whether the ruling is free of legal error. *Commonwealth v. Howard,* 749 A.2d 941, 946 (Pa.Super.2000). Great deference is granted to the findings of the post-conviction court, and these findings will not be disturbed unless they have no support in the certified record. *Commonwealth v. Glover,* 738 A.2d 460 (Pa.Super.1999).

¶ 9 To be entitled to relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence arose from one or more of the errors enumerated in 42 Pa.C.S.A. § 9543(a)(2), and that the issues raised in the petition have not been previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). An allegation of error is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b).

■ ¶ 10 In the present case, Appellant couches his claim as a layered ineffective assistance of counsel claim. An allegation that prior counsel was ineffective in raising a petitioner's claim is sufficient to overcome a finding of waiver. *Commonwealth v. Pursell,* 561 Pa. 214, 749 A.2d 911 (2000); *Commonwealth v. Laszczynski,* 715 A.2d 1185 (Pa.Super.1998). As such, Appellant's claim that trial and post-trial counsel were ineffective have not been waived.

■ ¶ 11 In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa. C.S.A. § 9543(a)(2)(ii). This requires the petitioner demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) peti-

---

8. As noted *supra,* Appellant raised four claims of ineffective assistance of trial counsel in his amended PCRA petition. He has since abandoned three of those claims, and raises only one before this Court.

tioner was prejudiced by counsel's act or omission. *Commonwealth v. Miller*, 560 Pa. 500, 512, 746 A.2d 592, 598 (2000). It is presumed that counsel is effective, and place upon the appellant the burden of proving otherwise. *Commonwealth v. Stevens*, 559 Pa. 171, 739 A.2d 507 (1999). Counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Allen*, 557 Pa. 135, 732 A.2d 582 (1999).

¶ 12 At Appellant's trial, Trooper Bivens's testified that he previously examined a fingerprint that had been lifted from the windshield of Victim's vehicle, and found the fingerprint to be that of Appellant. N.T. 10/23–28/86 at 150–151. As noted above, Appellant contends that the Commonwealth failed to properly authenticate that the fingerprint in question was actually taken from Victim's vehicle. Therefore, Appellant argues that trial counsel should have objected to the Trooper's testimony in this regard.

¶ 13 During Appellant's trial, he testified that he was hitchhiking on the day in question, when Victim picked him up and offered to give him a ride to Clairton. *Id.* at 174. After picking up Ms. Smith the three drove around, eventually ending up Clairton. *Id.* at 178–179. Although Appellant contends that Ms. Smith shot Victim, he does not deny that he was present in Victim's vehicle. *Id.* at 180. As such, we cannot conceive of any prejudice suffered by Appellant, nor does he allege any prejudice, due to Trooper Bivens's testimony establishing the presence of Appellant in Victim's vehicle.[9] Consequently, Appellant's claim of ineffective assistance of counsel is without merit. *See Commonwealth v. Neal*, 713 A.2d 657, 662 (Pa.Su-

per.1998) (stating that "in reviewing any particular claim of ineffectiveness, we need not determine whether the first two prongs of the standard are met if the record evinces that Appellant has not met the prejudice prong") (citations omitted).

▪ ¶ 14 With regard to Appellant's claim that the court erred in denying him an evidentiary hearing on his claim of ineffective assistance of counsel, it has been held that:

> The right to an evidentiary hearing on a post-conviction petition is not absolute. A PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing.

*Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa.Super.2001) (internal citations omitted). "The controlling factor in determining whether a petition may be dismissed without a hearing is the status of the substantive assertions in the petition." *Commonwealth v. Weddington*, 514 Pa. 46, 50, 522 A.2d 1050, 1052 (1987).

¶ 15 As discussed above, Appellant's substantive claim deals with testimony evidencing his presence in Victim's vehicle. A review of the record reveals that there exist no genuine issues of material fact concerning this issue; in fact, Appellant acknowledges his presence therein. *See* N.T. 10/23–28/86 at 174–183. As such, the

---

9. In addition, as argued by the Commonwealth, given that the defense theory of the case was that Appellant was present in the vehicle, but had no role in shooting Victim, trial counsel had a reasonable basis for not objecting to Trooper Bivens's testimony concerning Appellant's fingerprints.

trial court did not err in dismissing Appellant's PCRA petition without an evidentiary hearing.

¶ 16 Based on the foregoing, we affirm the order of the PCRA court dismissing Appellant's petition for post-conviction relief.

¶ 17 Affirmed.