J-S22021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN THOMAS SIEGEL | |
| Appellant | No. 1418 WDA 2014 |

Appeal from the PCRA Order July 22, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001001-2010
CP-25-CR-0002769-2011

BEFORE: PANELLA, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED JULY 17, 2015**

Steven Siegel appeals from the dismissal by the Court of Common Pleas of Erie County of his petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. Upon careful review, we affirm.

The PCRA court has set forth the relevant facts and procedural history of this matter as follows:

On March 20, 2011, a jury found [Siegel] guilty at docket 2769 of 2011 of attempted homicide, robbery, aggravated assault, criminal conspiracy to commit robbery, recklessly endangering another person, possession of instruments of a crime, terroristic threats, theft by unlawful taking or disposition, and receiving stolen property. All these crimes [arise] out of an incident that occurred on August 8, 2008 when [Siegel] shot the victim. The jury acquitted [Siegel] of robbery at docket 2772 of 2011. This

_____

[*] Retired Senior Judge assigned to the Superior Court.

alleged robbery occurred at the same location, but on a separate date, i.e., July 18, 2008. On May 1, 2012, the Honorable Michael E. Dunlavey, now senior judge of this Court, sentenced the petitioner to an aggregate term of imprisonment of 23 to 50 years plus 20 years of consecutive probation. [Siegel] was also sentenced to [a] 5 to 10 year sentence at an unrelated docket, 1001-2010. [Siegel] took a direct appeal and the judgment of sentence was affirmed by the Superior Court on March 22, 2013.

PCRA Court Opinion, 6/24/14, at 1-2.

Siegel filed a *pro se* petition for PCRA relief on December 20, 2013. Counsel was appointed and on April 17, 2014 filed an amended petition. On July 22, 2014, the PCRA court entered an order dismissing the petition without an evidentiary hearing.

On August 20, 2014, Siegel filed a timely notice of appeal to this Court, in which he raises the following claims:[1]

> A. Whether trial counsel was ineffective for failing to object to the recall of Mr. Zierenberg, the victim, after his original testimony.
>
> B. Whether trial counsel was ineffective for not trying to suppress [Siegel's] statements made to Corporal Zeybel while in custody after requesting an attorney, and not cross-examining Corporal Zeybel at trial regarding the circumstances of the same.
>
> C. Whether trial counsel was ineffective for not objecting to the sentence imposed.

---

[1] Siegel raised additional claims in his Statement of Questions Presented for Review. However, his counsel conceded that they are meritless and therefore, we will consider them abandoned for purposes of appeal. We have reordered Siegel's remaining claims for ease of disposition.

> D. Whether the Commonwealth failed to disclose to the jury all the information concerning a plea bargain with co-conspirator, Robert Dimon, who testified against [Siegel].

Brief of Appellant, 1/30/15, at 1-2.

The standard and scope of this Court's review of the PCRA petition dismissal is as follows:

> [I]n reviewing the propriety of an order granting or denying PCRA relief, we are limited to determining whether the evidence of record supports the determination of the PCRA court, and whether the ruling is free of legal error. Great deference is granted to the findings of the post-conviction court, and these findings will not be disturbed unless they have no support in the certified record.

***Commonwealth v. Payne***, 794 A.2d 902, 905 (Pa. Super. 2002).

In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction resulted from one or more of the enumerated defects found in 42 Pa.C.S.A. § 9543(a)(2), and that the allegation of error has not been previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). An error has been previously litigated if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue or it has been raised and decided in a proceeding collaterally attacking the conviction or sentence. 42 Pa.C.S.A. § 9544(a). An issue has been waived if the petitioner could have raised it but failed to do so before trial, at trial, on appeal, or in a prior state post-conviction proceeding. 42 Pa.C.S.A. § 9544(b).

Siegel's first three claims involve allegations of ineffectiveness of counsel. The law presumes that trial counsel was effective.

*Commonwealth v. Rios*, 920 A.2d 790, 805 (Pa. 2007). "In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Payne*, 794 A.2d 902, 905 (Pa. Super. 2002) (quotation marks omitted) (citing 42 Pa.C.S.A. § 9543 (a)(2)(ii)).

In order to succeed on an ineffectiveness of counsel claim, "[a]ppellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him." *Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013). "Counsel cannot be deemed ineffective for failing to pursue a meritless claim." *Payne*, 794 A.2d at 906. When it is clear that the appellant has not met the prejudice prong of the ineffectiveness standard, the claim may be dismissed on that basis alone without an analysis of the first two prongs. *Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995).

Siegel's first alleges that trial counsel was ineffective for failing to object to the Commonwealth's recalling of Stephen Zierenberg, the victim, after his original testimony. At the trial, Siegel alleges that all of the witnesses were sequestered. Siegel argues that he was prejudiced when Zierenberg re-took the stand after witnessing the remainder of the Commonwealth witnesses' testimony. After Zierenberg's initial testimony,

- 4 -

an audiotaped statement given by Siegel to Trooper O'Neill and Trooper Van Horn was played for the jury while Zierenberg was present in the courtroom. N.T. Trial, 3/20/12, at 50-53. After being recalled, Zierenberg testified that he approached the assistant district attorney upon hearing the tape and indicated that he recognized the voice as the man who shot him. *Id.* at 99. Zierenberg testified that he could identify Siegel by his voice, which was relevant as Siegel wore a mask during the robbery and could not be identified by his appearance. *Id.* at 100. Siegel's allegation, however, lacks merit as there is no evidence in the record that the court ever issued a sequestration order. Accordingly, counsel cannot be held ineffective for failing to object to a violation of a non-existent order.

Even assuming, *arguendo*, there had been such an order, Siegel still cannot prevail. First, the decision whether to allow a party to recall a witness is left to the trial court's discretion and is not reversible error unless it constitutes a palpabe abuse of discretion. ***Commonwealth v. Crosby***, 297 A.2d 114, 116 (Pa. 1972) (citation and quotation marks omitted). Second, this Court has held that a witness may testify to a person's identity from his voice alone. ***Commonwealth v. Jones***, 954 A.2d 1194, 1195 (Pa. Super. 2008). The weight to be accorded to the voice identification testimony is a question for the trier of fact. *Id.*

Here, because Zierenberg could not identify Siegel by appearance, it would have been reasonable for the trial court to allow Zierenberg to be recalled and to allow the jury to weigh the voice identification testimony,

regardless of whether there had or had not been a sequestration order. Accordingly, the court's action cannot be said to constitute a palpable abuse of discretion and Siegel's allegation of ineffectiveness fails.

Siegel next claims that trial counsel was ineffective for not attempting to suppress his statements made to Corporal Zeybel while in custody after requesting an attorney, and for not cross-examining Corporal Zeybel regarding the circumstances surrounding the statements.

Siegel's first claim, that his trial counsel was ineffective for not trying to suppress his statements to Corporal Zeybel, was not raised in the PCRA court and is, therefore, waived for purposes of appeal under 42 Pa.C.S.A. § 9544(b). As for the issue of the failure to cross-examine Corporal Zeybel, Siegel argues that had trial counsel cross-examined Corporal Zeybel, the jury would have known that Siegel was illegally questioned, which would have affected the credibility of Corporal Zeybel's testimony.

Here, Siegel must show that the outcome of the proceedings would have been different had trial counsel cross-examined the witness in question. However, Siegel provides no argument as to how a cross-examination would have tested Corporal Zeybel's credibility, how it would have supported his allegation as to the illegality of his questioning by police, or how it would have changed the outcome of the trial. Therefore, this claim lacks merit.

Siegel next claims that trial counsel was ineffective for not objecting to the sentence imposed. The trial judge had originally sentenced Siegel to a

term of twelve (12) to twenty-four (24) years in prison for the attempted

murder conviction, but upon the urging of the Assistant District Attorney, the

trial judge added an additional six (6) to twelve (12) years to the attempted

murder conviction. N.T. Sentencing, 5/1/12, at 21-26. Siegel argues that

trial counsel failed to object to this increase in sentence, where the court did

not provide sufficient reasons for doing so on the record. This claim is

meritless.

Contrary to Siegel's claim, the trial court provided ample reasoning for

its sentences, which were all within the guidelines. The trial court stated:

> This crime was cold. It was calculating, and showed a total disregard for the life of the victim in this case. And I think, Mr. Siegel, you know the harm that you have inflicted on this man for no good reason. I can remember clearly his testimony to how he remembered what happened to him, that he was looking at the barrel of a bolt action .22 caliber rifle, and as he remembers it, a round was fired and skimmed his skull as he tried to duck down, and he watched you pull the bolt back, charge another live round into the chamber, lean over the counter, a counter that you actually were familiar with the layout because of your prior employment at another location, and shoot him in the head where that bullet remains today.

> It's only through the grace of God and his perseverance that he survived. And he survives with the knowledge that there is a bullet in his brain. He survives with the knowledge that he cannot function as he had before. He survives with what we have heard twice, three times in his testimony now that I heard it, of incalculable pain that will never go away.

> I do not know what motivates you. I don't know what the cause of this was, because as part of the sentence, I'm ordering you complete a psychological work-up of you, and am recommending that you will receive whatever appropriate treatment is necessary to help you with whatever the problems are that you

suffer from, but this case, in my mind showed a total disregard for the safety and the life of another human being.

I look at this knowing full well that you're already serving, I believe, five to ten years for an aggravated assault that happened subsequent to this incident.

I don't do this lightly, because you are still [an] extremely young man.

N.T. Sentencing, 5/1/12, at 20-21.

As the trial court clearly stated its reasons for the sentences, and because the sentences themselves are reasonable under the circumstances, this claim is meritless.

Finally, Siegel claims that the Commonwealth failed to disclose to the jury all the information concerning an alleged plea bargain with his co-conspirator, Robert Dimon, who testified against Siegel at trial. Siegel asserts that the Commonwealth's failure to disclose the terms of its agreement with Dimon resulted in a violation of Siegel's Due Process rights under **United States v. Giglio**, 405 U.S. 150 (1972). There, the Supreme Court held that when the reliability of a witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting that witness' credibility justifies a new trial, irrespective of the good faith or bad faith of the prosecution. **Id.** at 153-54. A new trial is required if "the false testimony could . . . in any reasonable likelihood have affected the judgment of the jury[.]" **Id.**, quoting **Napue v. Illinois**, 360 U.S. 264, 271 (1959).

The Commonwealth argues that, in order to trigger the disclosure requirement under **Giglio**, there must be an actual agreement in place. **See**

*Commonwealth v. Burkhart*, 833 A.2d 233 (Pa. Super. 2003). In this case, the Commonwealth asserts, Dimon testified at Siegel's trial that the plea bargains he had entered into with the Commonwealth were not agreed to in exchange for his testimony against Siegel. Specifically, Dimon testified that "[he] doesn't believe that [his reduced charges] were in consideration of [his] testimony" and that the "plea was before [he had] agreed to testify." N.T. Trial, 11/18/10, at 17. In short, claims the Commonwealth, there is nothing in the record to support Siegel's claim that there existed an "understanding" between Dimon and the Commonwealth.

Siegel, however, cites to the opinion of the trial court, in which the court states that "[p]rior to trial, Robert Dimon entered into a plea agreement whereby he would testify at [Siegel's] trial in exchange for a guilty plea to two counts of Robbery, with all remaining counts being nolle prossed." Trial Court Opinion, 9/19/12, at 2. In support of that statement, the trial court cites to the guilty plea entered by Dimon at docket numbers 2056 and 2049 of 2011.[2]

Essentially, this is an after-discovered evidence claim in which information contained in the trial court's Rule 1925(a) opinion on direct appeal is the "evidence" forming the basis of the claim. Pursuant to Pa.R.Crim.P. 720(C), "[a] post-sentence motion for a new trial on the

_____

[2] The transcripts of those proceedings are not included in the certified record transmitted to this Court.

ground of after-discovered evidence must be filed in writing promptly after such discovery." *Id.* When such evidence is discovered during the direct appeal process, the appellant "should include a request for a remand to the trial judge." *Id.*, note.

Under the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, . . . on appeal, or in a prior [PCRA] proceeding." 42 Pa.C.S.A. § 9544(b). As Siegel could have, and should have, raised this claim after discovering it during the direct appeal process, he has waived it for purposes of PCRA review.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/17/2015