J-S70045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DUSTIN WADE GEARHART | : | |
| | : | |
| Appellant | : | No. 890 MDA 2017 |

Appeal from the PCRA Order May 1, 2017
In the Court of Common Pleas of Northumberland County
Criminal Division at No(s): CP-49-CR-0001188-2014

BEFORE:  GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 14, 2018**

Dustin Wade Gearhart appeals from the order docketed May 1, 2017,[1] in the Northumberland County Court of Common Pleas, denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S. §§ 9541-9546.  Gearhart seeks relief from the judgment of sentence of a term of 18 to 36 months' imprisonment, imposed on September 28, 2015, following his guilty plea to one count of statutory sexual assault.[2]  On appeal, Gearhart contends the PCRA court erred in denying him relief on his claim that plea counsel was ineffective for failing to interview the 15-year-old victim.  For the reasons below, we affirm.

_____

[1] We note the order was dated April 28, 2017.

[2] **See** 18 Pa.C.S. § 3122.1.

The facts underlying Gearhart's plea are as follows. On April 3, 2014, when Gearhart was 26 years old, he engaged in sexual intercourse with the victim, who was 15 years old. See N.T., 9/4/2015, at 5. On June 9, 2014, the victim was interviewed by the Child Advocacy Center, during which time she stated she had consensual sex with Gearhart and he "was aware of her age." Affidavit of Probable Cause, 9/29/2014. Gearhart was subsequently arrested and charged with one count of statutory sexual assault. He filed a pretrial motion, seeking to suppress statements he made to police. However, before the motion was resolved, on March 25, 2015, Gearhart entered a guilty plea to the charge, and was sentenced to a term of imprisonment of one year, less one day to two years less one day. The following day, the court vacated the sentence after learning Gearhart's prior record score was improperly calculated. Resentencing was scheduled for April 6, 2015.

On that day, however, Gearhart orally moved to withdraw his plea, which the trial court permitted. Thereafter, on May 11, 2015, counsel filed a petition to reinstate Gearhart's pretrial suppression motion. Following a hearing on May 28, 2015, the trial court dismissed the motion. On September 4, 2015, Gearhart entered another guilty plea to one count of statutory sexual assault in exchange for a mitigated range minimum sentence of 18 months' imprisonment. The court later imposed the agreed-upon sentence of 18 to 36 months' incarceration on September 28, 2015. No direct appeal was filed.

On December 10, 2015, Gearhart filed a *pro se* PCRA petition asserting the ineffective assistance of counsel in calculating his prior record score. He

also requested contact with the victim and her child, whom he claims is his daughter. Counsel was appointed, and after several representation changes due to conflicts of interest, an amended petition was filed by current counsel on November 16, 2016, asserting plea counsel's ineffectiveness for "failing to explore the issue of the alleged victim's desire not to pursue prosecution of [Gearhart]." Amended Petition for Post-Conviciton Relief, 11/16/2016, at ¶ 11. The petition also averred that Gearhart "would not have entered into a plea had he realized the alleged victim did not want to pursue his prosecution." *Id.* The PCRA court conducted an evidentiary hearing on February 17, 2017. Thereafter, on May 1, 2017, the court entered an order denying Gearhart's petition. This timely appeal followed.[3]

Gearhart's sole issue on appeal asserts the PCRA court erred in concluding plea counsel was not ineffective for failing to interview the victim, whom counsel knew did not want to testify. *See* Gearhart's Brief at 7-9.

Our review of an order denying PCRA relief is well-settled:

This Court reviews a PCRA court's decision in the light most favorable to the prevailing party. *Commonwealth v. Hanible*, 612 Pa. 183, 30 A.3d 426, 438 (2011). Our review is limited to a determination of whether the record supports the PCRA court's factual findings and whether its legal conclusions are free from error. *Id.* "A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such

---

[3] On June 2, 2017, the PCRA court ordered Gearhart to filed a concise statement of errors complained of on appeal pursuant to Pa.R.AP. 1925(b). Gearhart complied with the court's directive and filed a concise statement on June 21, 2017. The court subsequently entered an order, stating the reasons for its decision were set forth in its May 1, 2017.

determinations are binding on a reviewing court." ***Commonwealth v. Treiber***, ___ Pa. ___, 121 A.3d 435, 444 (2015) (citing ***Commonwealth v. Dennis***, 609 Pa. 442, 17 A.3d 297, 301 (2011)). We review the PCRA court's legal conclusions de novo. ***Commonwealth v. Roney***, 622 Pa. 1, 79 A.3d 595, 603 (2013).

***Commonwealth v. Williams***, 141 A.3d 440, 452 (Pa. 2016). Furthermore, where, as here, the defendant alleges counsel rendered ineffective assistance, we note:

> "In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness 'so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" ***Commonwealth v. Payne***, 794 A.2d 902, 905 (Pa. Super. 2002), *quoting* 42 Pa.C.S.A. § 9543(a)(2)(ii). When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. ***Id.*** at 906. "Counsel cannot be found ineffective for failure to assert a baseless claim." ***Id.***
>
> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him. ***Commonwealth v. Allen***, 833 A.2d 800, 802 (Pa. Super. 2003).

***Commonwealth v. Michaud***, 70 A.3d 862, 867 (Pa. Super. 2013). "To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different." ***Commonwealth v. Mason***, 130 A.3d 601, 618 (Pa. 2015). Moreover, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the defendant] to enter an involuntary or unknowing

plea." ***Commonwealth v. Mitchell***, 105 A.3d 1257, 1272 (Pa. 2014) (quotation omitted).

In the present case, Gearhart contends he met his burden of proof demonstrating plea counsel's ineffectiveness. Specifically, he argues it is undisputed counsel's investigation was "incomplete," as counsel admitted he did not interview the victim, and this fact establishes his claim has arguable merit. Gearhart's Brief at 9. Moreover, he claims counsel's failure to interview the victim had no reasonable basis "to advance any defense interest[,]" and the prejudice to him is "apparent" since counsel "acknowledged that the presence of a reluctant witness negatively affects the prosecution and favors the defense." ***Id.*** Accordingly, Gearhart insists he is entitled to PCRA relief.

In its order denying relief, the PCRA court found the following:

> There is no prejudice to [Gearhart]. Counsel was aware of the victim's reluctance to testify. Counsel advised [Gearhart] that the Commonwealth would have called the victim to testify by subpoena. Counsel testified that [Gearhart] was made aware of the Commonwealth's intention and ability to pursue the case despite the victim's reluctance. During the guilty plea colloquy, [Gearhart] indicated he was satisfied with the representation provided by Counsel. [Gearhart] received a sentence which was in the mitigated range.

Order, 5/1/2017, at ¶ 4.

Our review of the transcript from the PCRA hearing supports the court's findings. ***See Williams***, ***supra***. Counsel testifed that while he was aware the victim did not want to testify in court, he was also aware the Commonwealth had a video of the interview conducted by the Child Advocacy Center in which the victim stated she had sex with Gearhart when Gearhart knew she was only

15 years old. **See** N.T., 2/17/2017, at 10. Furthermore, counsel explained that despite the victim's reluctance to testify, the prosecutor was "unwilling to drop the matter,"[4] and that Gearhart was aware of the both the victim's desire not to testify and the Commonwealth's desire to proceed with the charges nonetheless. **See id.** at 12-13. Counsel also stated he did not believe the victim ever denied what happened, but that she did not want to have to testify in court. **See id.** at 17.

Gearhart has failed to demonstrate plea counsel rendered ineffective assistance that caused him to enter an unknowing or involuntary plea. First, the victim did not testify at the PCRA hearing and corroborate Gearhart's claim that she would have refused to testify if subpoenaed to do so at trial. Second, Gearhart is unable to establish he was prejudiced by counsel's failure to interview the victim, because, pursuant to plea counsel's testimony, Gearhart knew, before he entered the plea, both of the victim's reluctance to testify, and the prosecutor's unwillingness to drop the charge.[5] Furthermore, although plea counsel admitted a victim's reluctance to testify can negatively impact a prosecution, counsel explained that "[i]t results sometimes into a

_____

[4] N.T., 2/17/2017, at 11.

[5] A person is guilty of statutory sexual assault if he "engages in sexual intercourse with a complainant to whom the person is not married who is under the age of 16 years and that person is … four years older but less than eight years older than the complainant[.]" 18 Pa.C.S. § 3122.1(a)(1). Here, the Commonwealth could have established the elements of the crime through the victim's Child Advocacy Center interview. Moreover, his emphasis on the victim's testimony is further weakened by his own claim that the victim's daughter is his child.

lesser charge, []or a better plea offer for the defendant." *Id.* at 15.  Here, Gearhart received a very favorable sentence in the mitigated range of the guidelines.  Therefore, because the record from the PCRA hearing demonstrates that Gearhart knew of the victim's reluctance to testify before he entered his guilty plea, he cannot establish that plea counsel's failure to interview the victim caused him to enter an involuntary plea.  Accordingly, no relief is warranted.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/14/2018