J-S45008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHARIF MYRICK, | |
| Appellant | No. 1539 EDA 2018 |

Appeal from the PCRA Order Entered April 24, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002987-2010

BEFORE:  BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.*

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 21, 2019**

Appellant, Sharif Myrick, appeals from the post-conviction court's April 24, 2018 order denying his first, timely petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the facts of this case in its Pa.R.A.P. 1925(a) opinion, and we need not reiterate them herein.  ***See*** PCRA Court Opinion, 12/11/18, at 2-3.  We only briefly note that Appellant was convicted in May of 2011 of first-degree murder and related offenses, for which he received an aggregate sentence of life imprisonment, without the possibility of parole.  This Court affirmed his judgment of sentence on direct appeal, and our Supreme Court denied his subsequent petition for allowance of appeal.

_____

* Retired Senior Judge assigned to the Superior Court.

*See* *Commonwealth* *v.* *Myrick*, 118 A.3d 449 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 116 A.3d 604 (Pa. 2015).

On September 23, 2015, Appellant filed the *pro se* PCRA petition underlying the present appeal. Counsel was appointed, and he filed an amended petition on Appellant's behalf. On March 26, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant did not respond, and on April 24, 2018, the court dismissed his petition.

Appellant filed a timely notice of appeal, and he also complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he raises one issue for our review: "Did the PCRA [c]ourt err when it dismissed the [a]mended [p]etition, without holding an evidentiary hearing, even though []Appellant pled, and would have been able to prove, that he was entitled to relief?" Appellant's Brief at 3.

Initially, we note that:

> "In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." **Commonwealth v. Johnson**, … 966 A.2d 523, 532 ([Pa.] 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." **Id.**

**Commonwealth v. Matias**, 63 A.3d 807, 810 (Pa. Super. 2013).

While Appellant sets forth only one issue in his Statement of the Questions Presented, his Argument section encompasses two distinct claims: (1) that his trial counsel acted ineffectively by not investigating, and calling to

the stand, Maalik Gleaves, who would have testified that Appellant acted in self-defense; and (2) that he has discovered new evidence of a second eye-witness to the crime, Khareem Little, who also would have testified that Appellant killed the victim in self-defense. In assessing these issues, we have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have considered the thorough and well-crafted opinion of the Honorable Gwendolyn N. Bright of the Court of Common Pleas of Philadelphia County. We conclude that Judge Bright's well-reasoned opinion accurately disposes of the issues presented by Appellant.[1] Accordingly, we adopt her opinion as our own and affirm the order dismissing Appellant's petition for the reasons set forth therein.

Order affirmed.

---

[1] We note that Judge Bright's decision addresses the issues raised in Appellant's Rule 1925(b) statement, which were stated slightly differently than how he presents them in his appellate brief. For instance, in his concise statement, Appellant framed each issue as pertaining to *both* Gleaves and Little, arguing that that his counsel ineffectively failed to call each man to the stand. He also asserted that both men's proposed testimony constitutes after-discovered evidence. However, on appeal, Appellant focuses only on Gleaves in regard to his ineffectiveness claim, and only on Little in his after-discovered-evidence issue. Notwithstanding Appellant's attempt to recast his claims on appeal, his arguments are meritless for the reasons set forth in Judge Bright's opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/21/19</u>

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
CRIMINAL TRIAL DIVISION

**FILED**

2018 DEC 11 AM 11: 03

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST JUDICIAL DISTRICT
OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA  :  CP-51-CR-0002987-2010

CP-51-CR-0002987-2010 Comm. v. Myrick, Sharif
Opinion

v.



_ 8200800741

SHARIF MYRICK  : SUPERIOR COURT OF PENNSYLVANIA
                :            1539 EDA 2018

## OPINION

BRIGHT, J.

On May 16, 2011, following a jury trial before this Court, Appellant was convicted of Murder of the First Degree and violation of Section 6106 of the Pennsylvania Uniform Firearms Act (VUFA). He was thereafter sentenced to serve a term of imprisonment for life without parole for Murder of the First Degree and two and one half (2 ½) years to five (5) years of confinement for VUFA. Appellant directly appealed to the Superior Court and judgment of sentence was affirmed on January 20, 2015. See 1633 EDA 2011. Appellant then filed a petition allocator with the Supreme Court, which was denied on May 20, 2015. See 83 EAL 2015. On September 23, 2015, Appellant filed a petition pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541, *et seq.*, and counsel was subsequently appointed. On April 24, 2018, Appellant's PCRA petition was formally dismissed. This timely appeal followed.

In his Rule 1925(b) Statement of Matters Concerned of on Appeal, Appellant alleges the following issues:

1. Ineffective assistance of counsel violating the Sixth Amendment of the United States Constitution and to corresponding Sections of the Pennsylvania Constitution where counsel failed to properly investigate, prepare and present this case and failed to locate and

**LOWER COURT OPINION - APPENDIX**

subpoena witness(es) who should have been able to have been located and where counsel failed to make any effort to do so.

2. Newly discovered evidence in the form of one Malik Gleaves, who came forward with exculpatory evidence that would have made a difference at trial.

3. The after-discovered evidence presented in the Affidavit of one Khareem Little, whose testimony, if believed at an evidentiary hearing, would give the Defendant a total defense to the charges as it would clearly have indicated he acted in self-defense.

## FACTS

The facts of this case were taken from this Court's Rule 1925(a) Opinion's summarization of the facts as follows:

On June 22, 2009, after having spent the day together, Decedent Shariff Jenkins and his friend, John Mincer, ended up in the evening in the courtyard of Morton Homes located at Morton and Rittenhouse Streets, Philadelphia, PA. 5/11/2011 N.T. at 69-70; 5/12/2011 N.T. at 32-33, 40.[1] Mincer was sitting on a wall near the courtyard when he observed Decedent and Appellant engage in an argument. Mincer also heard gunshots being fired. Id. at 40, 41, 46, 55-57. Katrina Jenkins, Decedent's mother, testified that Mincer told her that prior to the shooting Appellant and Decedent had played a number of dice games which Decedent had won and shared his winnings with Appellant. However, when the last game was won by Decedent he refused to share the money and an argument ensued. Decedent and Appellant separated, but Appellant returned with a gun and shot the Decedent. 5/12/2011 N.T. at 58-59, 66-67; 5/13/2011 N.T. at 60-61.

Cherell Jefferies testified that she heard the gunshots and went outside where she observed Decedent lying in the courtyard. 5/11/2011 N.T. at 61-63. Jefferies called police and attempted to render assistance.

Philadelphia Police Officer Steven Lupo was patrolling in the area of Morton Homes when he heard the gunshots. 5/12/2011 N.T. at 120-121. Upon receiving a radio call about the shooting he went

---

[1] N.T. refers to the Notes of Testimony taken at the jury trial before the Honorable Gwendolyn N. Bright on May 11-16, 2011.

2

to the scene where he observed a group of people in the courtyard area. There, he observed Decedent lying on the ground in a pool of blood. Id. at 122. Lupo also observed a firearm magazine on the ground not far from the body. Id. at 123-124. Later, while Lupo and Officer Broaddus were securing the scene Broaddus discovered a silver semi-automatic handgun with a brown handle laying in the grass in the rear of 477 Rittenhouse Street. Id. at 127.

Crime Scene Investigation William Whitehouse photographed the scene and collected the ballistics evidence. Id. at 136-138. He recovered the handgun in the rear yard of 477 Rittenhouse Street, several fired .45 caliber cartridges; a firearm magazine assembly; 14 firearm cartridge casings; multiple bullet fragments; and an oxidized old .9mm fired cartridge case which he opined, due to its condition, was there prior to the shooting. Id. at 138-150. All of the evidence was collected and submitted to the Firearms Identification Unit for examination and analysis. Id. at 152. Police Officer Robert Stott, a firearms examiner in the Firearms Identification Unit, received the evidence Whitehouse submitted and also 3 lead fragments taken from Decedent's leg, and after examination found that, with the exception of the .9mm Luger, the ballistics evidence was fired from the same firearm. 5/13/2011 N.T. at 14-25.

Dr. Samuel Gulino, Philadelphia Medical Examiner, testified that Decedent's remains were received by the Medical Examiner's office with three gunshot wounds to the back, right knee, and right firearm. 5/12/2011 N.T. at 13-14. He stated that the gunshot to the back went through the right lung resulting in bleeding into the chest cavity around the lung, bleeding into the lung tissue, and collapse of the lung. Id. at 16-17. He testified that the cause of death was multiple gunshot wounds and the manner of death was homicide. Id. at 22.

## DISCUSSION

Appellant's first claim of error is that his trial counsel provided ineffective assistance by failing to "properly investigate, prepare and present this case" and by failing to "locate and subpoena

3

witness(es) who should have been able to have been located and where counsel failed to make any effort to do so." This claim is without merit.

Under the PCRA, a petitioner may be entitled to relief if he is able to plead and prove that a conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa. C.S. § 9543(a)(2)(ii). The law requires the presumption that counsel was effective, unless the petitioner can fulfill his burden and prove otherwise. See Commonwealth v. Payne, 794 A.2d 902 (Pa. Super. 2002). In order to prevail on an ineffective assistance of counsel claim, petitioner bears the burden of demonstrating: "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." Commonwealth v. Pierce, 786 A.2d 203, 213 (Pa. 2001). "Failure to satisfy any prong of the test will defeat an ineffectiveness claim." Commonwealth v. Williams, 863 A.2d 505, 513 (Pa. 2004).

Furthermore, counsel's choices cannot be evaluated in hindsight, but rather should be examined in light of the circumstances at that time. See Commonwealth v. Hardcastle, 549 Pa. 450, 701 A.2d 541 (1997). Even if there was no reasonable basis for counsel's course of conduct, a petitioner is not entitled to relief if he fails to demonstrate prejudice. See Commonwealth v. Douglas, 537 Pa. 588, 645 A.2d 226 (1994). In Commonwealth v. Peterkin, the court explained that "[t]he reasonableness of counsel's investigative decisions depends critically on the information supplied by the defendant." 511 Pa. 299, 319, 513 A.2d 373, 383 (1986).

Appellant must prove: (i) the witness existed; (ii) the witness was available to testify; (iii) counsel knew of, or should have known of, the existence of the witness; (iv) the witness was willing to testify; and (v) the absence of the testimony was so prejudicial as to have denied the defendant a fair

4

trial. Commonwealth v. Pander, 100 A.3d 626, 638–639 (Pa. Super. 2014) (internal quotations and citations omitted), *appeal denied,* 109 A.3d 679 (Pa.2015).

Accordingly, Appellant has not properly established an ineffectiveness claim. Appellant asserts that counsel was ineffective for not calling Malik Gleaves and Khareem Little to testify that he acted in self-defense. However, Appellant did not plead or proffer evidence that these witnesses were available and willing to testify. Further, he does not explain how counsel knew or should of known that these witnesses existed. Since Appellant is also claiming that these witnesses are "after-acquired evidence," which will be discussed *infra,* it is clear that Appellant was not even aware these witnesses existed himself at the time of trial. Especially since he discovered the alleged witnesses while incarcerated. Appellant also does not detail what information he provided to his counsel which would have led him to discover these witnesses. Thus, no relief is warranted.

Appellant's second and third allegations are that both witnesses', Malik Gleaves and Khareem Little, testimony would qualify as after-discovered evidence and their testimony would have provided exculpatory evidence for him at trial. After-discovered evidence must: (1) be discovered after trial and could not have been obtained any sooner by the exercise of reasonable diligence; (2) not be merely corroborative or cumulative; (3) not be used solely for impeachment purposes; and (4) be of such a nature and character that a different verdict will likely result if a new trial is granted. Commonwealth v. Johnson, 841 A.2d 136, 140-141 (Pa. Super. 2003). Under the PCRA, the burden of proof is on the petitioner (Appellant) to prove his claim by a preponderance of the evidence. 42 Pa.C.S. § 9543(a).

First it must be noted that Appellant's after-discovered evidence claim is a double-edged sword. Appellant' first contention is that his counsel was ineffective for failing to properly investigate and discover these witnesses, and he now argues that these witnesses have provided new evidence that could not have been obtained at trial by reasonable diligence. Even without taking his ineffectiveness claim into consideration, Appellant cannot demonstrate that this evidence is "of such a nature and

5

character that a different verdict will likely result if a new trial is granted." The evidence comes almost a decade after the crime from two of Appellant's fellow inmates. Also, the physical evidence, as well as the testimony from witnesses at trial, directly contradicts Appellant and the newly alleged witnesses story of self-defense.

The victim was shot in the back, which would preclude a claim of self-defense. 5/12/11 N.T. at 13. See Commonwealth v. Yanoff, 690 A.2d 260, 265 (Pa. Super. 1997) ("The fact that Appellant shot the victim in the back clearly undermines his claim of self-defense."). Furthermore, the physical evidence does not correspond to a shootout between the defendant and victim. Thirteen of the fourteen fired cartridge casings found at the scene of the crime were fired from the same firearm. The fifteenth casing was oxidized, which the crime scene investigator at trial opined that it had to have already been present before the incident in question due to the condition. The inmates' story simply does not support the physical evidence and it also contradicts the testimony given at trial. Therefore, it is not of such character and nature as to change the outcome of the trial. No relief is necessary.

## CONCLUSION

For the foregoing reasons, Appellant is not entitled to relief from his conviction and Judgment of Sentence should be affirmed.

BY THE COURT:

BRIGHT, J.

DATE: 12/17/18

6