J-S03004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELEAZAR YISRAEL | : | |
| | : | |
| Appellant | : | No. 615 MDA 2023 |

Appeal from the PCRA Order Entered April 20, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003750-2015

BEFORE: OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY OLSON, J.: **FILED FEBRUARY 13, 2024**

Appellant, Eleazar Yisrael, appeals from the order entered April 20,
2021, dismissing his petition filed pursuant to the Post Conviction Relief Act
("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A previous panel of this Court summarized the relevant facts and
procedural history of this case as follows:

> This matter arises from an information filed by the Luzerne
> County District Attorney against [Appellant] on November 30,
> 2015. The charges contained in the information were criminal
> homicide, robbery, burglary, tampering with or fabricating
> physical evidence and abuse of corpse. These charges resulted
> from the fatal shooting of Samuel Vacante in his residence
> located at 20 Coventry Lane, Drums, Luzerne County,
> Pennsylvania.
>
> Appellant entered a plea of not guilty at his arraignment on
> December 1, 2015. Following a six-day trial which concluded
> on December 13, 2016, Appellant was found guilty on all
> charges. Appellant was immediately sentenced to a mandatory
> term of life in prison for first[-]degree murder, a consecutive
> term of [96] to [192] months for robbery, [a consecutive term

of 54] to [108] months for burglary, a consecutive term of nine to [18] months for tampering with or fabricating physical evidence and a consecutive term of [15] to [30] months for abuse of corpse. The total sentence was life plus [174] to [348] months[' incarceration]. His post-sentence motion was denied by order dated March 30, 2017.

A notice of appeal was then filed twenty-five days later. Appellant's convictions and judgment of sentence were affirmed by [this Court] in a non-precedential decision filed on April 24, 2018. [*See Commonwealth v. Yisrael*, 2018 WL 1918203, *1 (Pa. Super. Apr. 24, 2018).] The Supreme Court of Pennsylvania denied Appellant's [p]etition for [a]llowance of [a]ppeal on October 31, 2018. [*See Commonwealth v. Yisrael*, 196 A.3d 1015 (Pa. 2018).]

A *pro se* [PCRA petition] was filed by Appellant on November 4, 2019. Counsel was appointed to represent Appellant and he filed a Supplement to [Appellant's] PCRA petition [on January 24, 2020]. On March 30, 2021, a PCRA hearing was held. Appellant testified on his own behalf and the Commonwealth presented the testimony of trial counsel. Appellant's [PCRA petition] was denied by order dated April 19, 2021.

A [n]otice of [a]ppeal was filed on behalf of Appellant on May 6, 2021. ... On July 28, 2021, Appellant's [counseled] appeal was dismissed by [this Court] due to the failure to comply with Pa.R.A.P. 3517.

More than seven months later, a [m]otion to [r]einstate [Appellant's a]ppeal was filed on behalf of Appellant in the trial court. This motion was denied on April 6, 2022 [because the PCRA court determined it lacked authority to reinstate an appeal dismissed by the Superior] Court.

*Commonwealth v. Yisrael*, 2022 WL 16956539, *1 (Pa. Super. Nov. 16, 2022).

Appellant then lodged an appeal in this Court, which ultimately reversed the trial court's April 6, 2022 order. In so doing, we held that the PCRA court erred in determining it lacked jurisdiction to reinstate Appellant's former

appeal because "it was incumbent upon the [] court to review Appellant's counseled motion [and] reinstate [Appellant's] PCRA rights *nunc pro tunc* as a subsequent PCRA petition." *Id.* at *3. The matter was then remanded for further proceedings. *Id.* Upon remand, the PCRA court entered an order reinstating Appellant's appeal rights from its original April 19, 2021 order dismissing his PCRA petition *nunc pro tunc*. This timely appeal followed.

Appellant raises the following issues on appeal:[1]

1. Whether the [PCRA] court erred in denying Appellant's PCRA petition regarding his claims related to the collateral challenge to the sufficiency and weight of the evidence presented at trial – specifically as pertaining to the specific intent element of the underlying murder charge?

2. Whether the [PCRA] court erred in denying Appellant's PCRA petition where Appellant established all factors of ineffective assistance of counsel to support his claim – specifically, that trial counsel was ineffective as related to the presentation/exclusion of evidence at trial (including failure to seek exclusion of ballistic evidence, failure to seek exclusion of blood evidence, and mistakes in statements made during closing argument)?

Appellant's Brief at 3.

Our standard of review for challenges to the denial and dismissal of petitions filed pursuant to the PCRA is well-settled.

> We must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party. The PCRA court's credibility determinations, when supported by the record, are binding;

---

[1] We have reordered Appellant's issues for ease of discussion and disposition.

however, this [C]ourt applies a *de novo* standard of review to the PCRA court's legal conclusions. We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

*Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019) (citations omitted).

Moreover,

[t]o be entitled to PCRA relief, [an] appellant must establish, by a preponderance of the evidence, his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.[A.] § 9543(a)(2). These errors include a constitutional violation or ineffectiveness of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Id.* Additionally, [an] appellant must show his claims have not been previously litigated or waived, and "the failure to litigate the issue prior to or during trial ... or on direct appeal could not have been the result of any rational strategic or tactical decision by counsel." 42 Pa.C.S.[A.] § 9543(a)(3), (a)(4). An issue is previously litigated if "the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S.[A.] § 9544(a)(2). An issue is waived if appellant "could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.[A.] § 9544(b).

*Commonwealth v. Cousar*, 154 A.3d 287, 296 (Pa. 2017) (some citation omitted).

In Appellant's first issue, he argues that the PCRA court "erred in denying [his] PCRA petition regarding his claims related to the collateral challenge to the sufficiency and weight of the evidence presented at trial – specifically as pertaining to the specific intent element of the underlying

murder charge." Appellant's Brief at 9. Appellant, however, raises this contention as a straightforward, fact-based claim asserting trial court error, as opposed to a challenge to the effectiveness of trial or direct appeal counsel. **See id.** at 9-10. Importantly, as admitted by Appellant in his appellate brief, Appellant challenged the sufficiency of the Commonwealth's evidence supporting his conviction for first-degree murder within the context of his direct appeal. **See Yisrael**, 2018 WL 1918203 at *2-*3 (addressing Appellant's challenge to the sufficiency of the evidence underlying his first-degree murder conviction and holding that the "evidence supported the jury's inference of Appellant's guilt[] and the first-degree murder conviction"); **see also** Appellant's Brief at 9 (admitting that "the Superior Court of Pennsylvania previously acknowledged this issue in this case"). We therefore conclude that this issue is waived because it was previously litigated or otherwise could have been raised during Appellant's direct appeal. **See Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*) ("At the PCRA stage, claims of trial court error are either previously litigated (if raised on direct appeal) or waived (if not).").

In Appellant's final issue, he challenges trial counsel's effectiveness. In particular, Appellant claims that, during the March 30, 2021 evidentiary hearing on his PCRA petition, Appellant "independently testified" and identified "numerous errors" made by trial counsel. Appellant's Brief at 8. Appellant then lists the following alleged errors: (1) "trial counsel never sought to exclude the ballistic evidence introduced by the prosecution;" (2) "trial counsel

[failed to] challenge the blood evidence introduced by the prosecution;" and (3) "trial counsel misspoke during closing argument in a manner which attributed guilt to him." *Id.* at 8; *see also* N.T. Hearing, 3/30/21, at 7-10.

"[C]ounsel is presumed effective, and [the appellant] bears the burden of proving otherwise." ***Commonwealth v. Fears***, 86 A.3d 795, 804 (Pa. 2014), *quoting* ***Commonwealth v. Steele***, 961 A.2d 786, 796 (Pa. 2008). To prevail on an ineffectiveness claim, an appellant must establish:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

***Commonwealth v. Lesko***, 15 A.3d 345, 373–374 (Pa. 2011), *citing* ***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987). Failure to meet any prong of the test will defeat an ineffectiveness claim. ***Commonwealth v. Rainey***, 928 A.2d 215, 224 (Pa. 2007). "Counsel cannot be deemed ineffective for failure to assert a meritless claim." ***Commonwealth v. Payne***, 794 A.2d 902, 906 (Pa. Super. 2002).

Furthermore, to demonstrate prejudice, Appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. ***Commonwealth v. Spotz***, 47 A.3d 63, 77 (Pa. 2012). When it is clear that a petitioner's ineffective assistance claim has failed to meet the prejudice prong of the ineffectiveness test, the claim may be dismissed on that basis alone, without a determination of

whether the first two prongs have been met. ***Rainey***, 928 A.2d at 224; ***Commonwealth v. Albrecht***, 720 A.2d 693, 701 (Pa. 1998) ("If it is clear that [the a]ppellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met.").

Upon review, we conclude that Appellant failed to develop his claims regarding trial counsel's alleged ineffective assistance. As indicated above, Appellant sets forth a list of supposed errors he believes that trial counsel made before and during trial. Appellant, however, makes no effort, other than the inclusion of conclusory statements, to explain how or why his claims are meritorious or to demonstrate how any of trial counsel's alleged deficiencies prejudiced him. ***See*** Appellant's Brief at 9 (arguing, without any explanation, that his "claims of ineffective assistance of counsel all have arguable merit . . . there exist[ed] no basis for [trial counsel's] actions [and] the outcome of trial would have been different but for trial counsel's failures here."). Appellant therefore failed to adequately explain, develop, or support his claims regarding trial counsel ineffective assistance and, as such, he is not entitled to relief. ***See Spotz***, 47 A.3d at 108, n.34 (dismissing some of the appellant's claims because his assertions were "not explained, not developed, and not supported factually or legally").

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 02/13/2024