J-S84031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANDRE VANCLIFF | : | |
| | : | |
| Appellant | : | No. 935 MDA 2017 |

Appeal from the PCRA Order May 10, 2017
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0001831-2013

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                           **FILED APRIL 02, 2018**

Andre Vancliff appeals from the order entered May 10, 2017, in the Luzerne County Court of Common Pleas, denying his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Vancliff seeks relief from the judgment of sentence of 42 to 84 months' imprisonment, imposed on July 21, 2014, following his plea of *nolo contendere* to one count of criminal conspiracy to commit corruption of minors.[2]  On appeal, Vancliff argues plea counsel was ineffective for permitting him to enter an unknowing plea.[3]  For the reasons below, we affirm.

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **See** 18 Pa.C.S. §§ 903/6301.

[3] Although Vancliff included a second issue in his appellate brief, as we will discuss *infra*, that claim is now moot.  **See** Vancliff's Brief at 8.

Vancliff is currently serving a term of life imprisonment for an unrelated homicide. The present charges arose after an officer, at State Correctional Institution-Retreat ("SCI-Retreat") where Vancliff is imprisoned, discovered letters, containing sexually explicit content, sent by Vancliff to co-conspirator Rebecca Butler's two minor daughters. *See* Criminal Complaint, 4/26/2013, Affidavit of Probable Cause at 1. Upon further investigation, Pennsylvania State troopers discovered Butler sent Vancliff a photograph of one of her daughters with her "undies" showing, and brought both girls with her "on numerous occasions" to visit Vancliff in prison. *See id.* at 2. Furthermore, three photographs were confiscated from Vancliff's cell, which showed him "holding the breast area of [Butler's] female juvenile children." *Id.*

Vancliff was subsequently charged with two counts of indecent assault (person less than 13 years of age), one count of attempted corruption of minors, and two counts of criminal conspiracy to commit corruption of minors.[4] On February 28, 2014, he entered a guilty plea to two counts of criminal conspiracy to commit corruption of minors. However, on March 13, 2014, prior to sentencing, Vancliff's counsel filed a motion to withdraw the guilty plea, claiming Vancliff asserted he was innocent of the crimes charged and counsel pressured him to enter a plea. *See* Motion to Withdraw Guilty Plea, 3/13/2014, at 1-2. In addition, counsel requested permission to withdraw from representation. *See id.* at 2. On April 11, 2014, the trial court

---

[4] *See* 18 Pa.C.S. §§ 3126(a)(7), 901(a)/6301(a)(1), and 903/6301(a)(1), respectively.

entered an order granting both the motion to withdraw the plea and counsel's request to withdraw.

Thereafter, on July 21, 2014, Vancliff, represented by new counsel, entered a plea of *nolo contendere* to one count of criminal conspiracy to commit corruption of minors. He was immediately sentenced to a term of 42 to 84 months' imprisonment, to be served consecutively to his term of life imprisonment, and ordered to pay a statutory maximum $15,000.00 fine.[5] His judgment of sentence was affirmed on direct appeal, and the Pennsylvania Supreme Court denied his petition for review. **See Commonwealth v. Vancliff**, 122 A.3d 447 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 125 A.3d 1201 (Pa. 2015).[6]

On September 19, 2016, Vancliff filed a timely, *pro se* PCRA petition, as well as a *pro se* motion seeking recusal of his trial judge for the PCRA proceedings. The PCRA court denied the recusal motion, and on October 18,

---

[5] For purposes of this appeal, we note that at the plea hearing, the Commonwealth asserted Vancliff "actually profited from this criminal conspiracy" because his co-conspirator, Butler, provided him with "over $16,000" between January and September of 2012, of which more than $9,000 remained in his prison account at the time of the hearing. N.T., 7/21/2014, at 11. Therefore, the court ordered the prison to confiscate the more than $9,000.00 that Vancliff still had in his account, as well as any future funds deposited until the fine was paid in full. **See id.** at 14-15.

[6] The only issue Vancliff raised on direct appeal was a challenge to the discretionary aspects of his sentence. Specifically, he asserted the trial court erred in imposing a $15,000.00 fine where there was insufficient evidence presented with respect to his ability to pay such a fine. **See Vancliff**, **supra**, 122 A.3d 447 (unpublished memorandum at 4).

2016, appointed current PCRA counsel. On January 11, 2017, counsel filed a supplement to the *pro se* petition, asserting two additional claims: (1) plea counsel was ineffective for failing to explain the plea since Vancliff believed he was pleading guilty to attempted corruption of minors rather than criminal conspiracy; and (2) both plea counsel and direct appeal counsel were ineffective for failing to object to the confiscation of Vancliff's entire present and future prison account funds to satisfy his fine, rather than instituting a payment plan. **See** Supplement to PCRA Petition, 1/11/2017, at 1. Vancliff filed another *pro se* supplement, providing further support for his contention that he misunderstood the charge to which he pled *nolo contendere*. **See** Amending Supplement to PCRA Petition, 4/21/2017. The PCRA court conducted a hearing on May 2, 2017, and took the matter under advisement. Thereafter, on May 10, 2017, the PCRA court entered the order on appeal denying PCRA relief.

In its accompanying memorandum opinion, the PCRA court addressed Vancliff's issue regarding the fine as follows:

> [A]n order was issued on July 30, 2014 which froze all the funds currently in [Vancliff's] inmate account as well as all funds deposited into the account in the future pending further order of court. No further order of court was ever issued with regard to [Vancliff's] inmate account. [Vancliff] did not contest the possible lump sum confiscation of the approximately $9,500.00 which was in the account at the time the July 30, 2014 Order was entered. His issue was appellate counsel's failure to address the deposits made to his account after July 3[0], 2014. Those deposits are also frozen.
>
> There is no evidence of record to indicate if any money was ever withdrawn from [Vancliff's] inmate account by the

Department of Corrections to satisfy the $15,000.00 fine. In an effort to clarify this matter an Order is being issued along with this memorandum to provide guidance to the DOC as to the funds in [Vancliff's] inmate account which appear to remain frozen. The financial resources of [Vancliff], as well as the burden payment will impose, shall be considered by the court as provided in 42 Pa.C.S.A. Section 9726(d) and Pa.R.Crim.P. 706(c) at the time the order is prepared.

PCRA Court Memorandum Opinion, 5/10/2017, at unnumbered 5. That same day, the PCRA court entered an order directing the Department of Corrections [DOC] to deduct the "entire balance of funds existing in [Vancliff's] inmate account … on July 30, 2014 as payment toward satisfaction of the $15,000.00 fine[.]" Order, 5/10/2017. The court further directed the DOC to "deduct 20% of all deposits made into [Vancliff's] inmate account on or after July 30, 2014 until the $15,000.00 fine has been paid in full." *Id.* This timely appeal followed.[7]

Preliminarily, we note Vancliff's brief sets out two issues for our review. The second issue concerns whether plea counsel was ineffective for failing to argue that the court's seizure of all the funds in his inmate account to satisfy the $15,000.00 fine was inappropriate. *See* Vancliff's Brief at 8. However, Vancliff acknowledges in the argument section of his brief this claim is now moot since "[a] review of the PCRA Court's Opinion and accompanying Order dated May 10, 2017 appears to have cured any deficiency and said amount

_____

[7] The PCRA court did not order Vancliff to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

would be collected pursuant to statute." *Id.*, *citing* 42 Pa.C.S. § 9726(d) and Pa.C[rim.]P. 706(c). Accordingly, we need not further address this claim.

Therefore, Vancliff's only issue on appeal alleges plea counsel's ineffectiveness for permitting Vancliff to enter a plea of *nolo contendere* to a charge of criminal conspiracy, when "he was un[a]ware he was entering a plea to that charge," and, in fact, believed he was pleading no contest to corruption of minors. Vancliff's Brief at 5.

> Our review of an order denying PCRA relief is well-settled:
>
> This Court reviews a PCRA court's decision in the light most favorable to the prevailing party. **Commonwealth v. Hanible**, 612 Pa. 183, 30 A.3d 426, 438 (2011). Our review is limited to a determination of whether the record supports the PCRA court's factual findings and whether its legal conclusions are free from error. **Id.** "A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court." **Commonwealth v. Treiber**, ___ Pa. ___, 121 A.3d 435, 444 (2015) (citing **Commonwealth v. Dennis**, 609 Pa. 442, 17 A.3d 297, 301 (2011)). We review the PCRA court's legal conclusions de novo. **Commonwealth v. Roney**, 622 Pa. 1, 79 A.3d 595, 603 (2013).

**Commonwealth v. Williams**, 141 A.3d 440, 452 (Pa. 2016). Furthermore, where, as here, the defendant alleges counsel rendered ineffective assistance, we note:

> "In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness 'so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" **Commonwealth v. Payne**, 794 A.2d 902, 905 (Pa. Super. 2002), *quoting* 42 Pa.C.S.A. § 9543(a)(2)(ii). When considering such a claim, courts presume that counsel was

effective, and place upon the appellant the burden of proving otherwise. *Id.* at 906. "Counsel cannot be found ineffective for failure to assert a baseless claim." *Id.*

To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him. *Commonwealth v. Allen*, 833 A.2d 800, 802 (Pa. Super. 2003).

*Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013). "To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different." *Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015). Moreover, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the defendant] to enter an involuntary or unknowing plea." *Commonwealth v. Mitchell*, 105 A.3d 1257, 1272 (Pa. 2014) (quotation omitted).

Here, Vancliff insists plea counsel led him to believe he was pleading no contest to a charge of corruption of minors. *See* Vancliff's Brief at 6. At the evidentiary hearing, he testified he was handed the written colloquy and instructed to sign it without having the opportunity to discuss it with counsel, and counsel "merely indicated that [Vancliff] was pleading guilty to count four, without identifying the crime." *Id.* Moreover, he emphasizes that plea counsel testified she "did not recall the specifics of any conversation" with him regarding the plea, and did not remember him telling her that he would not

plead guilty to a conspiracy charge, particularly since he had withdrawn his prior plea to two counts of conspiracy. *Id.* He notes that although counsel explained her protocol with regard to discussing plea offers with a client, she conceded she did not recall her specific conversation with Vancliff. *See id.* at 6-7. Accordingly, Vancliff contends his prior withdrawal of a guilty plea to the same charges, as well as counsel's "lack of recall," supports his position that counsel was ineffective. *Id.* at 7.

The PCRA court addressed Vancliff's claim as follows:

> [Vancliff] testified at the PCRA hearing that he believed he was entering a plea to corruption of minors rather than criminal conspiracy to commit corruption of minors. He also alleged that trial counsel failed to review the facts supporting the charge and the plea agreement with him. [Vancliff] did acknowledge that he wasn't focused on what was being said by the assistant district attorney at the time she read the plea agreement into the record and his mind was somewhere else.

> Trial counsel testified for the Commonwealth. She indicated that she generally meets with her clients, explains the terms of the plea agreement and answers any questions they may have. She also sent [Vancliff] a letter regarding the terms of the plea and the plea agreement was reviewed again with [Vancliff] while standing before the court. [Vancliff] pled *nolo contendere* to one count of criminal conspiracy to commit corruption of minors rather than pleading guilty to two counts of criminal conspiracy to commit corruption of minors as he had originally done. This Court finds the testimony provided by trial counsel at the PCRA hearing to be credible.

> In addition to the testimony of trial counsel, the record from [Vancliff's] guilty plea supports a finding that [Vancliff] entered a knowing, intelligent and voluntary plea. The assistant district attorney stated that [Vancliff] was entering a guilty plea to "criminal conspiracy to corrupt the morals of minors, a felony of the third degree; statutory maximum 7 years, maximum fine $15,000,00." (N.T. 7/21/14 pg. 2-3). Also contained in the

- 8 -

record is the plea agreement, signed by [Vancliff] and his counsel, which indicates that [Vancliff] was entering a no contest plea to "Corruption of Minors – Crim Consp." All of the requirements of Pa.R.Crim.P. 590 were satisfied by this Court and [Vancliff's] plea was knowingly, intelligently and voluntarily entered. His ineffective assistance claim on this issue is without merit.

PCRA Court Opinion, 5/10/2017, at unnumbered 4-5.

Our review of the record reveals ample support for the PCRA court's ruling. First, although plea counsel testified at the PCRA hearing she did not recall her specific conversations with Vancliff, which had occurred three years earlier, she described her usual protocol when advising a client regarding a guilty plea, which included explaining all the terms of the plea agreement and answering any questions. **See** N.T., 5/2/2017, at 21-23. Moreover, she agreed the July 2014 no contest plea was "substantially different from the [earlier] plea in the fact that it [was] one less count and [it was] a *nolo contendere* plea[.]" **Id.** at 22. The PCRA court found counsel's testimony credible, as was its prerogative. **See** PCRA Court Opinion, 5/10/2017, at unnumbered 4. **See also Williams**, **supra**.

Second, both the written and oral plea colloquy undermine Vancliff's assertion that he was unaware he was pleading no contest to criminal conspiracy. Indeed, the written plea agreement, signed by Vancliff, indicates he was pleading no contest to "Corruption of Minors-Crim Consp[.]" Plea Agreement, 7/21/2014. Moreover, during the plea hearing, both Vancliff's counsel and the Commonwealth's attorney explicitly stated Vancliff was pleading "*nolo contendere* to criminal conspiracy to commit corruption of minors." N.T., 7/21/2014, at 2, 3. Further, Vancliff testified during the

hearing that: (1) he understood the terms and conditions of his plea; (2) he signed the written plea agreement, and understood it when he did so; and (3) he was satisfied with the representation of his counsel. ***See id.*** at 3-4, 7. In addition, the Commonwealth's attorney stated the facts underlying the charge as follows: "Between May 7th of 2010 and September 16th of 2012, [Vancliff] did **conspire** with Rebecca Butler to corrupt the morals of a minor." ***Id.*** at 7 (emphasis supplied). Vancliff stated on the record he was not contesting those facts. ***See id.*** Moreover, it merits mention that at no time did he indicate he misunderstood the charge. Accordingly, based on the above, the PCRA court acted within its discretion when it rejected Vancliff's testimony at the hearing that he did not "recall" the attorneys referring to the charge of conspiracy, and his "mind was somewhere else." N.T., 5/2/2017, at 8. We emphasize "[a] defendant is bound by the statements made during the plea colloquy, and … may not later offer reasons for withdrawing the plea that contradict statements made when he pled." ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012), *appeal denied*, 63 A.3d 773 (Pa. 2013). Therefore, we conclude Vancliff is entitled to no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/2/2018</u>