J-S06044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
TERRENCE BUTLER : No. 1187 EDA 2017
:

Appeal from the PCRA Order March 30, 2017
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0001837-2013,
CP-51-CR-0001838-2013, CP-51-CR-0001839-2013

BEFORE: BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED SEPTEMBER 14, 2018**

The Commonwealth of Pennsylvania appeals from the Order granting

the Petition filed by Terrence Butler ("Butler"), which sought relief pursuant

to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its Opinion, the PCRA court set forth the facts and relevant procedural

history underlying the instant appeal, which we adopt as though fully restated

herein.  **See** PCRA Court Opinion, 8/29/17, at 1-4.

On appeal, the Commonwealth presents the following claim for our

review:

> Did the PCRA court err in deeming trial counsel ineffective for not
> raising a hearsay objection to course-of-conduct evidence where (A) an
> objection would have been meritless; (B) [Butler] offered no evidence

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

that counsel performed unreasonably[;] and (C) [Butler] suffered no prejudice?

Brief for the Commonwealth at 4.

The Commonwealth claims that the PCRA court improperly granted Butler relief on his claim that counsel rendered ineffective assistance by not asserting a hearsay objection to course-of-conduct evidence presented during his trial. *Id.* at 11. The Commonwealth states that at trial, Detective Francis McClain ("Detective McClain") testified that he had interviewed the passenger in the vehicle, Shawn Kennedy ("Kennedy"), and that Kennedy had "corroborated everything Officer Dilworth had said. He was then run through our data base for any warrants, and released." *Id.* at 11-12 (quoting N.T., 12/17/14, at 44). The Commonwealth argues that an objection to this testimony would have been without merit, as it was offered to explain Detective McClain's course of conduct in releasing Kennedy from custody. Brief for the Commonwealth at 12. The Commonwealth contends that the reason for releasing Kennedy was relevant, as Butler was claiming that Kennedy was released as part of a plan to frame Butler. *Id.* at 13.

The Commonwealth further argues that at the PCRA hearing, counsel offered two reasons for not objecting to Detective McClain's testimony. *Id.* According to the Commonwealth, counsel explained that (1) she did not want to call undue attention to the testimony; and (2) did not consider Detective McClain's statement to be damaging, as it was useful to advance her theory that the police had fabricated Butler's role in the crime. *Id.* The

- 2 -

Commonwealth points out that at the hearing, defense counsel explained her theory, *i.e.*, that the police fabricated Butler's involvement in the crime to protect Kennedy, the real culprit, whose father was a high-ranking police officer. *Id.* at 14. The Commonwealth further points out that at trial, defense counsel attempted to introduce Kennedy's out-of-court statement as evidence of fabrication, but the trial court precluded its admission. *Id.* at 16. Counsel explained at the PCRA hearing that she did not object to Detective McClain's testimony about Kennedy's statement, because she had intended to introduce the same statement herself. *Id.* at 17.

Finally, the Commonwealth argues that Butler suffered no prejudice from the failure of counsel to object to Detective McClain's testimony. *Id.* at 18. The Commonwealth asserts that, "[h]ad the jury believed the theory of fabrication, it would have had to believe that the police worked with Kennedy to cover his own guilt. [Butler] could not have been prejudiced by evidence that supported his defense at trial." *Id.* (emphasis omitted).

In reviewing an order of the PCRA court, "we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Montalvo*, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted).

> "The PCRA court's credibility determinations, when supported by the record, are binding on this Court[.]" *Commonwealth v. Mason*, 634 Pa. 359, 130 A.3d 601, 617 (Pa. 2015) (quoting *Commonwealth v. Roney*, 622 Pa. 1, 79 A.3d 595, 603 (Pa. 2013)). Appellant has the burden to persuade this Court that the PCRA court erred and that such error requires relief. *See*

- 3 -

> *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) ("It is an appellant's burden to persuade [an appellate court] that the PCRA court erred and that relief is due."); *see also Commonwealth v. Bracey*, 568 Pa. 264, 795 A.2d 935, 940 n.4 (Pa. 2001) (stating that the appellant failed to meet his burden of establishing that he is entitled to relief).

*Commonwealth v. Wholaver*, 177 A.3d 136, 144-45 (Pa. 2018).

In asserting a claim of ineffective assistance of counsel, the petitioner must prove that

> the underlying claim is of arguable merit, counsel's performance lacked a reasonable basis, and counsel's ineffectiveness caused him prejudice. Prejudice in the context of ineffective assistance of counsel means demonstrating there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. This standard is the same in the PCRA context as when ineffectiveness claims are raised on direct review. Failure to establish any prong of the test will defeat an ineffectiveness claim.

*Commonwealth v. Solano*, 129 A.3d 1156, 1162-63 (Pa. 2015) (citations omitted).

The Commonwealth argues that the PCRA court improperly concluded that counsel rendered constitutionally ineffective assistance by not objecting to the hearsay testimony of Detective McClain. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Pa.R.E. 801(c). However, an "out of court statement offered not for its truth but to explain the witness's course of conduct is not hearsay." *Commonwealth v. Johnson*, 42 A.3d 1017, 1035 (Pa. 2012).

In its Opinion, the PCRA court addressed the Commonwealth's claim and concluded that it lacks merit. *See* PCRA Court Opinion, 8/29/17, at 5-8. We agree with the sound reasoning of the PCRA court, as set forth in its Opinion, and affirm on this basis as to the Commonwealth's claim. *See id.*

Additionally, we emphasize that the PCRA court did *not* credit counsel's testimony that she had a reasonable basis for not objecting to the hearsay testimony regarding Kennedy's statement:

> [C]ounsel's stated reasons for not objecting [are] not valid. That it was [] Kennedy, and not her client, who was the driver of the vehicle was the core of counsel's defense. Under these circumstances, this court cannot accept trial counsel's expressed reasons for failing to object to the harmful hearsay statements of Detective McClain.

*Id.* at 7. The PCRA court further found that the hearsay testimony was not cumulative, and that the prosecutor emphasized the objectionable testimony during his closing argument. *Id.* (citing N.T., 12/18/14, at 146-47).

The PCRA court's findings are supported in the record, and its legal conclusions are sound. Accordingly, we affirm the Order of the PCRA court, which granted Butler a new trial.

Order affirmed.

Judge McLaughlin joins the memorandum.

Judge Bowes files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/14/18

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

COMMONWEALTH OF PENNSYLVANIA     :     **CRIMINAL TRIAL DIVISION**

          v.                     :     **1187 EDA 2017**

                                :     **CP-51-CR-0001837-2013**
                                :     **CP-51-CR-0001838-2013**
**TERRENCE BUTLER**                   :     **CP-51-CR-0001839-2013**

CP-51-CR-0001837-2013 Comm v Butler Terrence R
Opinion

**OPINION**

||||| ||||||||| |||||||||||| |||||
7994908701

**O'KEEFE, J.**

The Commonwealth appeals from the order granting the defendant's Post Conviction Relief Act Petition (hereinafter referred to as "PCRA" for the sake of brevity) pursuant to 42 Pa.C.S. § 9541 *et seq.*

**PROCEDURAL HISTORY:**

Defendant, Terrence Butler, was arrested on November 19, 2012, and charged with various crimes, including: accidents involving death or serious injury, aggravated assault by vehicle, and violation of The Uniform Firearms Act. The defendant was bound over for court after a preliminary hearing on December 7, 2012. Following a jury trial from December 16, 2014 through December 19, 2015, Butler was convicted of several of the offenses and sentenced to an aggregate sentence of nine and one-half to nineteen years' incarceration to be followed by two years' probation. (N.T. 3-20-15, p. 15-16). The defendant timely appealed. The Pennsylvania Superior Court affirmed the convictions on April 13, 2016. Butler filed a counseled PCRA petition on May 16,

1

2016. A motion to dismiss was filed and denied and an evidentiary hearing held January 13, 2017. On March 30, 2017 the PCRA petition was granted to which the Commonwealth appealed on April 10, 2017.

## STANDARD OF REVIEW:

When reviewing an order granting or denying a PCRA petition, an appellate court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Payne*, 2002 Pa.Super. 62, 794 A.2d 902, 905 (Pa.Super. 2002). *Commonwealth v Spotz*, 624 Pa. 294, 84 A.3d 294 (Pa. 2014). On questions of law, the standard of review is *de novo* and the scope of review is plenary. *Commonwealth v Henkel,* 2014 Pa.Super. 75, 90 A.3d 16, 20 (Pa.Super. 2014). The court will grant great deference to the factual findings of the PCRA court and will not disturb those facts unless they have no support in the record. *Id.*

## FACTS:

At trial, Officer George Dilworth testified that on October 12, 2012, he witnessed a silver Nissan Altima run a red light at the intersection of 12th and Race Streets in Philadelphia. (N.T. 12-17-14, p. 39). Officer Dilworth activated the patrol car lights and pulled the vehicle over. The operator of the vehicle provided the officer with appellant's valid driver's license, as well as registration and insurance cards. The patrolman identified the front passenger as Sean Kennedy. (N.T. 12-17-14, p. 39). Pursuant to standard protocol, the police officer returned to his vehicle and ran the defendant's information through the NCIC and PCIC databases. Upon getting a response from the NCIC, Officer Dilworth radioed for an expedited backup. (N.T. 12-17-14, p. 40).

2

Once backup arrived, Officer Dilworth re-approached the driver, asking him to step out of the vehicle. In response, the operator put the car in gear and "violently accelerated his vehicle northbound on Marvine Street, then through a parking lot onto 12th Street. He then proceeded to drive the wrong way northbound on 12th at an erratic speed, dangerous speed." (N.T. 12-17-14, p 40). Dilworth testified that he immediately ran back to his patrol vehicle and pursued the fleeing car, but it was going so fast that the distance between them kept increasing and the fleeing auto was soon out of his sight. (N.T. 12-17-14, p. 59-60).

As Officer Dilworth arrived at the corner of 12th and Spring Garden Streets he saw that the car had slammed head-on into an auto, injuring all three individual in the struck vehicle, and causing extensive damage to both autos. (N.T. 12-17-14, p. 41, 60). Both the driver's and passenger's doors of the fleeing vehicle were open and the individuals had fled. (N.T. 12-17-14, p. 61-66). After calling an ambulance, Officer Dilworth searched the area for the driver of the vehicle. (N.T. 12-17-14, p. 61, 76). An individual identified as Shawn Kennedy was found in the area, detained and taken to the police station. The fleeing car was towed to the police impound lot, and after obtaining a warrant, searched. One of the items that was recovered from the vehicle was a loaded firearm in the glove box. (N.T. 12-18-14, p. 26-35).

The defendant presented an alibi witness, Donald Wright, who testified that Butler was not in the vehicle at the time of the incident, but at Sigma Sound Studios, and that Shawn Kennedy had borrowed the automobile to go for Chinese food and never returned to the studio. The defense strategy was to show that the defendant was not present in the car at the initial stop, nor at the subsequent accident, but that Shawn Kennedy was the driver, who had borrowed the defendant's

3

license and presented himself as the appellant when stopped by the police. Furthermore, the defense posited that Kennedy was deliberately released because he was the son of a high-ranking police officer.

**LEGAL DISCUSSION**:

*Ineffective Assistance of Counsel*

The law is clear that counsel is presumed effective and a defendant claiming ineffective assistance of counsel bears the burden of proving otherwise. *Commonwealth v Fears*, 624 Pa. 446, 86 A.3d 795 (2014); *Commonwealth v. Cross*, 535 Pa. 38, 634 A.2d 173 (1993). In order to overcome this presumption, a defendant must meet a three component standard: First, the underlying claim must have arguable merit. *Commonwealth v Rollins*, 558 Pa. 532, 542, 738 A.2d 435, 441 (1999); *Commonwealth v Travaglia*, 541 Pa. 108, 661 A.2d 352, 356 (1995). Second, no reasonable basis must exist for counsel's actions or inaction. In making this determination, the appellate court does not question whether there was a more logical course of action which counsel could have pursued, but rather did counsel's decision have any reasonable basis. *Commonwealth v Rollins, supra* 558 Pa. at 542, 738 A.2d at 441. Lastly, the defendant must establish that he suffered prejudice because of the attorney's error, such that there is a reasonable probability that the outcome of the proceeding would have been different absent such an error. *Commonwealth v Fears, supra* 624 Pa. at 461, 86 A.3d at 804; *Commonwealth v. Lesko*, 609 Pa. 128, 15 A.3d 345, 373-74 (2011) *citing Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975 (1987). It is well-established law that counsel is presumed to be effective. *Commonwealth v. Busanet*, 618 Pa. 1, 54 A.3d 35, 45 (Pa. 2012).

4

The defendant contends that trial counsel was ineffective for failing to object to the hearsay testimony of Detective McClain concerning what Shawn Kennedy had told the police the morning of the accident. Detective Francis McClain testified that he was the assigned detective and he processed the scene and interviewed witnesses, including an individual named Shawn Kennedy. Although Mr. Kennedy was not being presented at trial by either side, the following un-objected to testimony of Detective McClain was presented by the prosecution:

> "Q. Detective, going back, during the course of your investigation, was anyone ever interviewed as a result of this incident?
>
> A. Officer Dilworth was interviewed, there was another officer who prepared an arrest memo, and Shawn Kennedy was interviewed by myself."....
>
> "Q. You mentioned Shawn Kennedy. How did you come into contact with Shawn Kennedy?
>
> A. One of the officers had located him getting on a SEPTA bus and they transported him to Central Detectives.
>
> Q. Did you have the opportunity to interview him as a result of this investigation?
>
> A. Yes. On the same day of the incident, I interviewed him. He corroborated everything Officer Dilworth said. He was then run through our data base for any warrants and released."....Q. Detective, you mentioned that Shawn Kennedy, his statement, it corroborated or cooperated Officer Dillworth's?"
>
> A. Everything Officer Dillworth said was the same as the statement taken from Shawn Kennedy.
>
> Q. As a result of hearing and reading Officer Dillworth's statement and then hearing Shawn Kennedy's statement, did you memorialize that statement as well?
>
> A. Shawn Kennedy's?
>
> Q. Yes.
>
> A. yes.
>
> (N.T. 12-18-2014, pp. 42-45).

5

The subject of the PCRA petition was that this testimony should have been objected to and a mistrial requested. Butler contends that his entire defense was that Shawn Kennedy was the one driving the vehicle, that Shawn Kennedy handed the defendant's license to Officer Dilworth and that the reason Shawn Kennedy was not arrested that evening was that his father was an Inspector with the Philadelphia Police Department. Indeed, that was the crux of defense counsel's opening and closing statements. (N.T. 1-13-17, pp 5-6, 10-11). Furthermore, the defense presented alibi testimony that it was Shawn Kennedy who was driving the car that evening. (N.T. 12-18-2014, pp. 102-110) Mr. Kennedy was never presented during the trial leaving Detective McCain's testimony of Kennedy's corroborating statement unchallenged even though completely contradictory to the defense presented. Counsel testified that the statement was harmful to the defense, but did not want to highlight it by objecting. (N.T. 1-13-2017, pp. 14-15). Counsel admitted that this was her first jury trial and that she had not considered the option of asking for a sidebar where her objection could have been made outside of the presence of the jury. (N.T. 1-13-2017, pp. 5, 15)

The prosecution contends the questioned testimony was cumulative and not offered for the truth of the matter asserted but to explain the detective's course of conduct that night. (Commonwealth's Post-Hearing Letter-in-Brief, p.2-3). However, the prosecutor's closing argument belies such a claim. The Assistant District Attorney stated in his closing;

> "You heard Officer Cary's testimony. He said your daddy can't help you now. He was still arrested and the only reason he was released, according to Detective McClain, is because his story corroborated everything that Officer Dilworth said, and they weren't in the room together. They didn't know each other; they didn't meet before. They were interviewed separately, Officer Dilworth first and then Shawn Kennedy, and it was exactly as Officer Dilworth said." (N.T. 12-18-2014, pp. 138-139).

6

And later:

> "There is a person, Shawn Kennedy, just like Officer Romanczuk
> said, just like Officer Dilworth said. This picture of the scene that
> was held by police officers and taken by Detective McClain shows
> there were two people in the car, just like the officers testified to,
> just like Detective McClain heard from Shawn Kennedy when his
> story corroborated Officer Dilworth's." (N.T. 12-18-2014, pp. 146-
> 147).

Clearly this evidence was offered for the truth of the matter asserted, that is, that Shawn Kennedy's statement corroborated the testimony of Officer Dilworth. The prosecutor clearly argued the truth of the statement – that Kennedy's statement corroborated Dilworth's in his closing argument to the jury.

The Commonwealth further argues the objection would have been meritless. That contention is incorrect. Shawn Kennedy was not present in court. A bench warrant was issued for Mr. Kennedy, however he could not be located. (N.T. 12-18-2014, pp. 3-4). A blatant statement by Detective McClain that Kennedy's statement exactly corroborated Officer Dilworth's is not admissible. Likewise, counsel's stated reasons for not objecting is not valid. That it was Shawn Kennedy, and not her client, who was the driver of the vehicle was the core of counsel's defense. Under these circumstances, this court cannot accept trial counsel's expressed reasons for failing to object to the harmful hearsay statements of Detective McClain.

An attorney's assistance is deemed constitutionally effective if they chose a particular course of conduct that had some reasonable basis designed to effectuate their client's interests. *Commonwealth v. Ali*, 608 Pa. 71, 86, 10 A.3d 282, 291 (2010). Finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen

7

offered a potential for success substantially greater than the course actually pursued. *Commonwealth v Colavita*, 606 Pa. 1, 21, 993 A.2d 874, 887 (2010). To demonstrate the required prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Commonwealth v King*, 618 Pa. 405, 57 A.3d 607, 613 (2012). "A reasonable probability is a probability that is sufficient to undermine the confidence in the outcome of the proceeding." *Commonwealth v. Ali, supra*, 608 Pa. at 86-87, 10 A.3d at 291; *Commonwealth v Collins*, 598 Pa. 397, 957 A.2d 237, 244 (2008) (citing *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

An evidentiary hearing was held January 13, 2017 at which time the sole witness presented was trial counsel. Counsel admitted to not objecting to the testimony of Detective McClain wherein he, three times, told the jury that Shawn Kennedy's statement corroborated Officer Dilworth's. (N.T. 1-17-2017, pp. 12-20). The entirety of the defense was that Shawn Kennedy was the driver of the vehicle and that Mr. Kennedy was released from custody because his father was a high ranking police official. For counsel to have allowed the testimony from Detective McClain, that Kennedy's statement corroborated Officer Dilworth's was without sound, informed and reasonable strategy or tactic, and there is a reasonable probability, that but for counsel's ineffectiveness the outcome very well could have been different.

Accordingly, the award of a new trial should be affirmed.

BY THE COURT:

DATE: <u>August 29, 2017</u>

J. SCOTT O'KEEFE, J.

8

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA     :     CRIMINAL TRIAL DIVISION

v.     :     1187 EDA 2017

    :     CP-51-CR-0001837-2013
    :     CP-51-CR-0001838-2013
TERRENCE BUTLER     :     CP-51-CR-0001839-2013

## Proof of Service

I hereby certify that I am on this day serving the foregoing Court's Opinion upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P. 114:

Defense Attorney:     Burton A. Rose, Esquire
1731 Spring Garden Street
Philadelphia, PA 19130

Type of Service:     ( ) Personal (**X**) First Class Mail ( ) Interoffice ( ) Other, please specify

District Attorney:     Hugh Burns, Esquire
District Attorney's Office
3 South Penn Square
Philadelphia, PA 19107

Type of Service:     ( ) Personal ( ) First Class Mail (**X**) Interoffice ( ) Other, please specify

Date: August 29, 2017

Allison M. O'Keefe, Law Clerk

9